FRANK D. UPCHURCH, Jr., Judge.
The State of Florida appeals from three separate orders which dismissed informa-tions filed against appellees Jack Rash, Darrell Johnson and Anthony McGill. These cases have been consolidated for review.
Appellees were charged with loitering and prowling in violation of section 856.021, Florida Statutes (1983). They moved to dismiss, relying on Kolender v. Lawson, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), which they claimed mandated a finding that the statute was unconstitutional. The county court agreed, granted their motions to dismiss, and found that under Ko-lender, section 856.021 was facially unconstitutional. We disagree and reverse.[1]
Section 856.021, the loitering and prowling statute, provides:
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstances makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted, of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.
(3)Any person violating the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
To determine whether this statute is facially unconstitutional under Kolender, review of State v. Ecker, 311 So.2d 104 (Fla. 1975) is necessary. In Ecker, our supreme court held that section 856.021 is not vague or overbroad since rather than merely proscribing loitering or idling, it proscribes loitering that threatens public safety or a breach of the peace. The court declared that the statute:
[I]s not vague or overbroad and specifically the words ‘under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity’ mean those circumstances where peace and order are threatened or where the safety of persons or property is jeopardized.
311 So.2d at 109.
The court stated that the elements of the offense are: (1) that the defendant *1203 loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. Id. at 106. See also B.A.A. v. State, 356 So.2d 304 (Fla. 1978), on remand, 357 So.2d 269; Patmore v. State, 383 So.2d 309 (Fla. 2d DCA 1980). This alarm may be presumed under the statute if, when a law officer appears, the defendant flees, conceals himself or refuses to identify himself. Ecker. Finally, the court in Ecker declared that to arrest under the statute, a police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant a finding that a breach of the peace is imminent or the public safety is threatened. Id. at 109.
Kolender v. Lawson, which was decided in 1983, involved the following California statute, Cal-Penal Code § 647(e), which provided:
Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor ... (e) who loiters or wanders upon the streets or from place to place without apparent reason or business and who refuses to identify himself and to account for his presence when requested by any peace officer to do so, if the surrounding circumstances are such as to indicate to a reasonable man that the public safety demands such identification.
As construed by the California courts, § 647(e) required that an individual provide “credible and reliable” identification when requested by a police officer who had reasonable suspicion of criminal activity sufficient to justify a Terry v. Ohio[2] detention. 461 U.S. at 355, 103 S.Ct. at 1857, 75 L.Ed.2d at 908. The California courts defined “credible and reliable” identification as identification “carrying reasonable assurance that the identification is authentic and providing means for later getting in touch with the person who has identified himself.” Id. Under the statute, failure to provide “credible and reliable” identification permitted arrest.
The Supreme Court ruled that § 647(e) as construed was unconstitutionally vague on its face, as it encouraged arbitrary enforcement by failing to describe with sufficient particularity what a suspect must do in order to satisfy the statute. 461 U.S. at 361, 103 S.Ct. at 1860, 75 L.Ed.2d at 911. The Court explained that the statute:
[Cjontains no standard for determining what a suspect has to do in order to satisfy the requirement to provide a “credible and reliable” identification. As such, the statute vests virtually complete discretion in the hands of the police to determine whether the suspect has satisfied the statute and must be permitted to go on his way in the absence of probable cause to arrest.
An individual, whom police may think is suspicious but do not have probable cause to believe has committed a crime, is entitled to continue to walk the public streets ‘only at the whim of any police officer who happens to stop that individual under § 647(e). Shuttlesworth v. City of Birmingham, 382 U.S. 87, 90, 15 L.Ed.2d 176, 86 S.Ct. 211 [213] (1965). Our concern here is based upon the ‘potential for arbitrarily suppressing First Amendment liberties... ’ Id at 91, 15 L.Ed.2d 176, 86 S.Ct. 211 [213], In addition, § 647(e) implicates consideration of the constitutional right to freedom of movement [citation omitted].
Id. at 358, 103 S.Ct. at. 1859, 75 L.Ed.2d at 909-910.
It should be noted that the Court majority did not hold that the statute violates the Fourth Amendment by authorizing an arrest for failure to produce identification or further information upon demand by the police following a Terry stop.[3]
*1204 Appellees claim that section 856.021 is similar to the California statute in that it contemplates the requirement of identification and fails to specify what type of identification is necessary or sufficient. We believe that appellees’ contention is incorrect.
The conduct prohibited by California Penal Code § 647(e) was “failure of the individual to provide ‘credible and reliable’ identification” when requested by a police officer who had a reasonable suspicion of criminal activity. 461 U.S. at 357,103 S.Ct. at 1858, 75 L.Ed.2d at 909.[4] However, the California statute lacked “standards for determining what a suspect has to do to satisfy the requirement to provide a ‘credible and reliable’ identification.” Id. at 358, 103 S.Ct. at 1859, 75 L.Ed.2d at 909.
In contrast, section 856.021 does not make criminal the failure to provide identification. Rather, subsection (1) makes it:
[UJnlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
The criminal conduct has been completed prior to any question, request or other action by the police officers. Section 856.-021(2) does go on to require that the suspect be given an on-the-spot opportunity to dispel the officer’s probable cause to arrest by identifying himself and explaining his presence and conduct, but this is not an element of the crime.
Recently both the Second and Third Districts have been confronted with the claim raised here and they concluded (without extensive discussion) that while some of the authorities and reasoning in Ecker have since been disapproved in Kolender;[5] nevertheless, section 856.021 is still much more definitive than the California statute and hence Ecker still controls. See State v. Hurst, 448 So.2d 612 (Fla. 3d DCA 1984); Watts v. State, 447 So.2d 271 (Fla. 2d DCA 1983). We agree with our sister courts.
REVERSED and REMANDED for trial.
COBB, C.J., and SHARP, J., concur.

. District courts of appeal have jurisdiction to review county court orders finding a statute to be unconstitutional. See § 26.012(1), Fla.Stat. (1983); Fla.R.App.P. 9.030(b)(1)(A).

. 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

. In Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979), the Court held that in the absence of a reasonable suspicion to believe that *1204 an individual was engaged or had engaged in criminal conduct, the police could not, consistent with the Fourth Amendment, detain such individual and require him to identify himself nor could the state criminally punish such individual for refusing to identify himself. The Court did not decide whether an individual could, under the Constitution, be punished for refusing to identify himself in the context of a lawful investigatory stop. 99 S.Ct. at 2641, n. 3. In Kolender, Justice Brennan, in his concurring opinion, answered this question in the negative, 461 U.S. at 362, 103 S.Ct. at 1861, 75 L.Ed.2d at 912, while the majority did not reach this issue. Id. at 1860-1861, n. 10, 103 S.Ct. at 1860-1861 n. 10, 75 L.Ed.2d at 911-912, n. 10. See also Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979) (Brennan, J., dissenting).

. See State v. Ecker, wherein our supreme court, in discussing the California statute, stated that the California courts had construed the requirement of identification to be "primary and controlling.” 311 So.2d at 108.

. For instance, in Ecker, our supreme court relied in part on People v. Solomon, 33 Cal. App.3d 429, 108 Cal.Rptr. 867, cert, denied, 415 U.S. 951, 94 S.Ct. 1476, 39 L.Ed.2d 567 (1974), wherein the Court of Appeals for the Second District of California upheld § 647(e) from the claim that it was unconstitutionally vague.