537 So.2d 148 (1989)
E.B., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2148.
District Court of Appeal of Florida, Second District.
January 6, 1989.
*149 James Marion Moorman, Public Defender and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David A. Gemmer, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Appellant alleges that his convictions for loitering and prowling and possession of a burglary tool are not supported by the evidence. We agree and reverse.
The circumstances surrounding the arrest for loitering and prowling are as follows. Appellant and a friend were riding bicycles at approximately 2:45 a.m. When they saw an officer behind them, they abruptly turned and almost lost control of their bikes. The officer signaled them to stop, and asked them what they were doing in the area. They initially refused to identify themselves, but then did so, although appellant at first gave a false name. They told the officer they had gotten lost on their way home. A pat-down search of appellant produced a wrench and a pair of bolt cutters was found on his friend. The officer arrested them for loitering and prowling and possession of burglary tools.
Conviction under section 856.021, Florida Statutes (1987) requires proof that: (1) the defendant was loitering or prowling in a place, at a time, or in a manner unusual for a law-abiding individual under (2) circumstances that warrant a justifiable and reasonable alarm or concern for the safety of persons or property in the vicinity. In considering the second element, courts have found that the behavior must imminently threaten the safety of persons or property. State v. Ecker, 311 So.2d 104 (Fla. 1975), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975).
In this case, the state argues that the fact that the boys were on the street at that hour, coupled with their abrupt right hand turn upon seeing the officer, was sufficient to justify their detention. Then, because their explanation for their presence was not convincing and they possessed *150 the tools in question, the standard of proof for this offense was met.
We find that the detention of the boys was not justified. In Patmore v. State, 383 So.2d 309 (Fla. 2d DCA 1980), this court overturned a conviction for loitering and prowling where a defendant ran from the police who observed him drop what turned out to be a bag of marijuana. Similarly, in L.C. v. State, 516 So.2d 95 (Fla. 3d DCA 1987), an officer stopped a juvenile whom he observed riding a bicycle through a shopping center parking lot and looking into store windows after hours. He also saw the youth push on the door of a closed department store. The juvenile had no reasonable explanation for his presence. Because there was no evidence that the circumstances elicited an alarm or amounted to an imminent threat to the safety of residents or property, the appellate court reversed his conviction for loitering and prowling.
Here, the officer stopped the boys because they were riding bicycles in the early morning hours and turned abruptly when they saw him. It is undisputed that they did not attempt to elude the officer once he signaled them to stop. Subsequently, tools were discovered and the boys initially failed to identify themselves. This conduct does not satisfy the two elements of loitering and prowling. To establish this offense, it must be shown beyond a reasonable doubt that the boys were loitering in a manner unusual for law abiding individuals and that their actions warranted an alarm or concern for the safety of either persons or property in the area. D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1985). Moreover, failure to provide identification is not an element of the charged offense. State v. Rash, 458 So.2d 1201 (Fla. 5th DCA 1984). While the statute gives a suspect an opportunity to explain his presence and conduct, the criminal conduct must be completed prior to any action by the police officers.
In addition, the tools found on the boys do not give rise to a suspicion of imminent criminal activity. There must be an immediate threat to persons or property in the area in order to justify an arrest for this offense. State v. Ecker, 311 So.2d 104. Because the state failed to establish the two elements of loitering and prowling, appellant's conviction is reversed.
Likewise, appellant's conviction for possession of burglary tools must be reversed. Appellant was in possession of a wrench which he stated that he used to tighten a loose screw on his bicycle wheel. The officer stated he believed appellant until he found the bolt cutters on his friend. The state offered no evidence that appellant intended to use the tool to commit a burglary. Thomas v. State, 531 So.2d 708 (Fla. 1988). Therefore, the conviction for possession of burglary tools is reversed.
REVERSED AND REMANDED.
FRANK, A.C.J., and PARKER, J., concur.