550 So.2d 1186 (1989)
Stephen ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1899.
District Court of Appeal of Florida, Fifth District.
November 2, 1989.
*1187 James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Stephen Robinson, was convicted, pursuant to a nolo contendere plea, of possession of cocaine and loitering. Evidence adduced at hearing on motions to suppress and dismiss revealed that Robinson, a black man, was seen shortly after 6:00 a.m. walking near the Ocala Police Station parking lot. Several minutes after he walked away, a telephone call was received at the station by Police Officer Cerny, who heard a voice she identified as that of a black male say: "I just put a bomb in one of your cars."
A few moments later, Robinson was observed walking back towards the station. Knowing that phone booths were available in the immediate area, the police stopped Robinson for questioning. Robinson said he had no identification upon his person and refused to identify himself by name. He refused to answer several of the officers' questions. Officer Cerny, listening to Robinson's discussion with the interrogating officers, said his voice sounded similar to the voice on the telephone. After listening to a recording of the phone call back in the station, she believed the voices were the same.
Officer McBride arrested the defendant for "obstructing justice without violence." The information, however, charged the defendant with loitering or prowling under section 856.021(1), Florida Statutes, and with possession of cocaine recovered during the search incident to the arrest.
The defendant's failure to cooperate  his refusal to answer questions  cannot itself be criminal consistent with fourth and fifth amendment protections. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Steele v. State, 537 So.2d 711 (Fla. 5th DCA 1989); Burgess v. State, 313 So.2d 479 (Fla. 2d DCA 1975) certified question dismissed 326 So.2d 441 (Fla. 1976). The state's argument would effectively render all uncooperative Terry-stop detainees criminals. A lawful arrest is an essential element of the offense of resisting arrest without violence. Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981); Lee v. State, 368 So.2d 395 (Fla. 3d *1188 DCA), cert. denied, 378 So.2d 349 (Fla. 1979). In light of the unlawful arrest, the motion to suppress should have been granted. Accordingly, the conviction for possession of cocaine under count I of the information must be reversed.
The elements of a prima facie case of loitering or prowling require proof that the defendant was loitering or prowling in a place, at a time, or in a manner not usual for law-abiding individuals, and such loitering or prowling must give rise to a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. State v. Ecker, 311 So.2d 104 (Fla.), cert. denied by Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); Chamson v. State, 529 So.2d 1160 (Fla. 3d DCA), review denied, 539 So.2d 476 (Fla. 1988); State v. Rash, 458 So.2d 1201 (Fla. 5th DCA 1984). While the appellant's bomb threat might amount to a prima facie violation of section 790.164,[1] and assuming, arguendo, that Officer Cerny's voice identification of the appellant was accurate, nothing in the defendant's behavior pointed to the possibility of future criminal activity. See State v. Levin, 452 So.2d 562 (Fla. 1984); Chamson at 1161; Rash at 1204; D.A. v. State, 471 So.2d 147, 157 (Fla. 3d DCA 1985); White v. State, 458 So.2d 1150 (Fla. 1st DCA 1984), petition for review denied, 464 So.2d 556 (Fla. 1985). Therefore, the appellant's motion to dismiss the loitering charge should have been granted.
REVERSED.
DANIEL, C.J., and HARRIS, Associate Judge, concur.
NOTES
[1] False reports of bombing or arson against state-owned property; penalty; reward. 
(1) It is unlawful for any person to make a false report, with intent to deceive, mislead, or otherwise misinform any person, concerning the placing or planting of any bomb, dynamite, or other deadly explosive, or concerning any act of arson or other violence to property owned by the state or any political subdivision. Any person violating the provisions of this subsection is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.