333 So.2d 13 (1976)
James HARDIE, Appellant,
v.
STATE of Florida, Appellee.
No. 46319.
Supreme Court of Florida.
May 19, 1976.
Warner S. Olds, Public Defender, and Robert S. Horowitz, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen R. Koons, Asst. Atty. Gen., for appellee.
OVERTON, Chief Justice.
This case concerns the constitutional application of Florida's new loitering statute, Section 856.021, Florida Statutes,[1] *14 as construed by this Court in State v. Ecker, 311 So.2d 104 (Fla. 1975). Since the trial court directly passed on the validity of this statute, we have jurisdiction.[2]
The facts of this incident are as follows. Police officers at 2:55 a.m. first noticed appellant sitting slouched in the front seat of a station wagon, one of several automobiles parked at a closed service station. They observed him remain in the car for a few minutes, then exit it, move to another, enter it, and move around in it a bit. The area was well lighted by street lamps and the interior dome light in the second automobile.
One officer testified he saw appellant riffling through the contents of the glove compartment in the second automobile. When the officer subsequently observed the interior of the second car, what appeared to be the contents of the glove compartment were scattered on the front seat. While appellant was in the second car, the officers approached, one of them rapping on the vehicle's window to draw appellant's attention. One officer testified to the ensuing inquiry:
"... I said, `Police officers.' He just sat there. I said, `Is this your car?' He said, `Yes.' So, we asked him to step from the vehicle and provide some identification. He said he didn't have any. I asked him what his name was. He said his name was Jim Hardie. I didn't understand him and I asked him to repeat his name. He did. I asked him what his address was. He said, `I don't have to tell you anything. I want to talk to my attorney.' Then we asked him  I asked him again, `Is this your car?' He said, `No, it's not my car.' I said, `What were you doing in the other vehicle?' He said, `I wasn't in another vehicle.'"
Appellant was arrested following the conversation.
At trial he testified he was merely walking through the gas station and had entered no automobile when arrested.
We hold that the behavior observed by the police, the time of day, and appellant's failure to properly identify himself constituted circumstances warranting justifiable and reasonable alarm and immediate concern for the safety of property in the vicinity. We held, in State v. Ecker, supra, that under circumstances where the public safety was threatened by an individual, no constitutional provision was violated in requiring credible and reliable identification, citing California v. Byers, 402 U.S. 424, 91 S.Ct. 1535, 29 L.Ed.2d 9 (1971). We recognized a suspect cannot be compelled to explain his presence and conduct without first being advised of his Miranda rights, but an individual nevertheless may be required to identify himself when the public safety is endangered.
The observations alone of the police officers in this case, reflected in their testimony, establish overwhelming evidence of alarm for the safety of property in the vicinity and justify a finding of guilt. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).
Affirmed.
ROBERTS, ADKINS, ENGLAND and SUNDBERG, JJ., concur.
HATCHETT, J., concurs in result only.
NOTES
[1] Section 856.021, Florida Statutes, reads in its entirety:

"856.021 Loitering or prowling; penalty. 
"(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for lawabiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
"(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstances makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.
"(3) Any person violating the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083."
[2] Art. V, § 3(b)(1), Fla. Const.