358 So.2d 73 (1978)
STATE of Florida, Appellant,
v.
Eugene PASCHAL, Jr., Appellee.
No. II-414.
District Court of Appeal of Florida, First District.
April 20, 1978.
Rehearing Denied May 12, 1978.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellant.
*74 Michael J. Minerva, Public Defender, for appellee.
McCORD, Chief Judge.
State seeks review of the trial court's order suppressing certain inculpatory statements made by appellee/defendant. Testimony revealed that upon arrival at the scene of an alleged attempted murder, a police officer questioned the victim, defendant's wife, regarding the incident. The victim implicated defendant in the offense and indicated that he was in their house next door. The officer entered the house and asked defendant what had happened. After defendant made several inculpatory statements, he was placed under arrest and read the Miranda warnings, which he acknowledged he understood. Defendant then made other inculpatory statements. At the police station, defendant made further statements in a recorded statement. Trial court ordered all statements made by defendant suppressed. We reverse in part and affirm in part.
The initial statements made by defendant were not the product of custodial interrogation and thus were not inadmissible due to the failure to advise defendant of his Miranda rights. Although defendant had been implicated in the crime, when the officer entered the house to ask what happened, defendant had not been placed under arrest nor had his freedom of action been deprived in any significant way. The officer's question was akin to the investigatory on-the-scene questioning referred to in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Cf. State v. Barnes, 245 So.2d 108 (Fla. 3 DCA 1971); Melero v. State, 306 So.2d 603 (Fla. 3 DCA 1975); United States v. Montos, 421 F.2d 215 (5th Cir.1970), cert. denied, 397 U.S. 1022, 90 S.Ct. 1262, 25 L.Ed.2d 532 (1970). The defendant's second statements were properly admissible since they were made after Miranda warnings had been given and a waiver of those rights had been shown.
We agree that the taped statements were inadmissible under the principles enunciated in State v. Prosser, 235 So.2d 740 (Fla. 1 DCA 1970), and Jones v. State, 346 So.2d 639 (Fla. 2 DCA 1977). That portion of the order suppressing the taped statement is, therefore, AFFIRMED. The order is otherwise REVERSED and REMANDED for further proceedings consistent herewith.
BOYER and SMITH, JJ., concur.