PER CURIAM.
This is a timely appeal from a final adjudication of delinquency and commitment to the custody of Children’s Services, Department of Health and Rehabilitative Services, State of Florida. Appellant entered a plea of nolo contendere with express reservation of the right to appeal the denial of the motion to suppress. We reverse.
T.L.M. was a fifteen year old child against whom a petition of delinquency was filed for disorderly conduct and carrying a concealed weapon, to wit: a piece of sawed- *689 off pool cue. The disorderly conduct charge was dismissed by the court after a motion and a hearing and the motion to suppress the portion of the pool sue was denied.
The motion to suppress the pool cue urged that it was illegally seized without a warrant and that the search and seizure was without probable cause. At the hearing on the motion, the police officer involved in the arrest testified that he was called to the local hospital because it was reported that two people were causing a disturbance. When he arrived, the two people involved were standing outside the hospital. He went up and talked to them ascertaining their names and ages. When he found out they were juveniles, he decided to take them to the jail and, following police department policy, he searched them before he put them in the police cruiser. The search of appellant revealed the piece of sawed-off pool cue in the waistband of his pants.
The police officer stated that he asked the juveniles to go down to the station because of their age, the time (about 2 a. m.), and they “smelled of alcoholic beverages and acted to be under the influence of alcoholic beverages at that time.” He stated that it was his practice to detain juveniles he finds in the early hours of the morning to try to find out if their parents know where they are or where they have been and to try to find out why they are out at that time of the morning. They are always searched when they are transported in the car.
Appellant concedes that if the officer had the authority to take appellant to the jail, he had the authority to search appellant before putting him in the police car. The issue, then, is whether the police officer had the authority to take appellant to the jail under the circumstances. Under Section 39.03(1), Florida Statutes (1977), a child may be taken into custody “for a delinquent act, pursuant to the laws of arrest.” There is nothing in the evidence presented to indicate that the officer had probable cause to believe that appellant had committed a felony or that appellant had committed a misdemeanor in the officer’s presence. The state urges on this appeal that the officer did have the authority to arrest appellant for disorderly intoxication because of the officer’s testimony that appellant smelled of alcoholic beverages and acted as if he were under the influence. Section 856.011(1), Florida Statutes (1977) provides:
“No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place in or upon any public conveyance and cause a public disturbance.”
In State v. Holden, 299 So.2d 8 (Fla.1974), the Florida Supreme Court held that statute to be constitutional as a valid delegation of authority only if it “is controlled and confined to situations where the public safety is endangered.” There was no testimony by the officer that he had any reason to believe that the public safety was endangered or that he saw appellant creating a disturbance. On the contrary, he testified that when he arrived at the hospital appellant was standing talking to another person. The contention by the state that it- is sufficient for the evidence to show that appellant was intoxicated in a public place and that he caused a disturbance while under the influence even though that disturbance was committed outside the presence of the officer is not supported by case law. When there is an arrest for a misdemeanor, all elements of the offense must occur in the officer’s presence. Kirby v. State, 217 So.2d 619 (Fla. 4th DCA 1969).
Under the circumstances of this case, we hold that the search was unreasonable and the motion to suppress should have been granted. REVERSED.
ROBERT P. SMITH and ERVIN, JJ., concur.