BASKIN, Judge.
The trial court dismissed the information charging defendant with second degree murder. We reverse on the authority of Enmund v. State, 399 So.2d 1362 (Fla.1981). Defendant concedes that his challenge, predicated upon his remaining outside the apartment while his co-defendant committed their planned robbery, was vitiated by the supreme court ruling.
We also reverse the court’s order suppressing defendant’s statements. Defendant’s first statements were made before he became a suspect in the matter under investigation and while he was free to leave. Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977); *156 State v. Clark, 384 So.2d 687 (Fla. 4th DCA), petition for review denied, 392 So.2d 1372 (Fla.1980); State v. Paschal, 358 So.2d 73 (Fla. 1st DCA), cert. denied, 360 So.2d 1249 (Fla.1978). As soon as he became a suspect, he was advised of his rights. His subsequent statements were therefore admissible. Suppression on the ground that defendant was deluded concerning his custodial status is not supported by the circumstances.
The appealed orders are reversed, the information is reinstated, and the cause is remanded for further proceedings.