NESBITT, Judge.
Two juveniles appeal their adjudications of delinquency based upon loitering and prowling. We affirm.
A police officer received a “BOLO” regarding three black males attempting to snatch purses from vehicles stopped at a traffic light. The officer responded to the location indicated in the “BOLO,” which he referred to as a “high crime area,” and was told by a bystander that three black males had been trying to snatch purses from cars. The officer drove around the corner and observed three black males approaching the rear of a ear stopped at a traffic light. When they were about five feet from the car, the officer accelerated his marked police car in their direction, causing them-to look back at the officer. The three males then walked in a direction away from the officer. The officer stopped his car and called for them to stop, but they continued walking. At this point, the officer pulled his car around into their path to stop them. Once stopped, the officer asked the three what they were doing. They stated that they were selling avocados. Not seeing any avocados, the officer advised them of their Miranda rights and then asked them where the avocados were located. He was told they were under a nearby overpass. The officer was unable to locate any avocados in the indicated area and placed the three under arrest for loitering and prowling. Two of the three black males were juveniles. They were adjudicated delinquent and this appeal followed.
The juveniles agree with the state that the initial stop was a valid Terry stop.[1] See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). They contend, however, that the initial statements concerning avocados should have been ruled inadmissible at trial because Miranda warnings were not given prior to the officer asking them what they were doing. The Supreme Court has held that Miranda warnings must precede interrogation initiated by law enforcement officers after a suspect “has been taken into custody or *109 otherwise deprived of his freedom of action in any significant way.” Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). The juveniles argue that any Terry stop deprives a person of his freedom of action in a significant way so as to require Miranda warnings before police can ask any questions. We disagree.
The Supreme Court held in Terry that reasonable inquiries could be made by police during a Terry stop. 392 U.S. at 30. See also Dunaway v. New York, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). In Oregon v. Mathiason, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977), the Court found that:
[a]ny interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime. But police officers are not required to administer Miranda warnings to everyone whom they question .... Miranda warnings are required only where there has been such a restriction on a person’s freedom as to render him “in custody.” It was that sort of coercive environment to which Miranda by its terms was applicable, and to which it is limited.
429 U.S. at 495, 97 S.Ct. at 714. The Court’s opinion in Mathiason indicates that Miranda warnings need not be given prior to questioning during an unintrusive Terry stop. United States v. Bautista, 684 F.2d 1286 (9th Cir.1982). Relying upon the language of the Supreme Court in Miranda and Mathiason, the ninth circuit court held in Bautista:
Miranda warnings are necessary even during a Terry stop if the suspect has been taken into custody or if the questioning otherwise takes place in a police dominated or compelling atmosphere, [citations omitted] However, Terry stops, though inherently somewhat coercive, do not usually involve the type of police dominated or compelling atmosphere which necessitates Miranda warnings.
684 F.2d at 1291. The court went on to find that the suspects involved were not “in custody” so as to require Miranda warnings, despite the fact that they had been handcuffed.
In the present case, the police officer merely pulled his car in front of the juveniles to stop them from walking away so he could investigate his suspicions of criminal activity in the area. The mere fact that the juveniles were stopped does not render them “in custody.” The stop amounted to no more than an unintrusive Terry stop. We find that the juveniles were not significantly deprived of their freedom of action, and that Miranda warnings were not necessary, during this initial Terry stop, before the officer asked the juveniles what they were doing. Bautista. See Mathiason; Terry; Miranda; Hardie v. State, 333 So.2d 13 (Fla.1976); State v. Paschal, 358 So.2d 73 (Fla. 1st DCA), cert. denied, 360 So.2d 1249 (Fla.1978).
When the juveniles told the officer they were selling avocados, and he observed that they had no avocados in their possession, the totality of the circumstances gave the officer probable cause to arrest them for loitering and prowling. See State v. Coron, 411 So.2d 237 (Fla. 3d DCA 1982). The juveniles were not acting in a manner usual for law-abiding individuals, and the totality of the circumstances warranted a justifiable and reasonable alarm or concern for the safety of persons or property in the vicinity. § 856.021(1), Fla. Stat. (1981). At this point, the officer advised the juveniles of their rights. After the Miranda warnings were given, the juveniles were given an opportunity to dispel the officer’s alarm as required by section 856.021(2). See State v. Ecker, 311 So.2d 104 (Fla.) cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975). When the juveniles failed to dispel this alarm, the officer legitimately placed them under arrest for loitering and prowling.
Since we find no Miranda violation, the statements concerning the avocados were *110 properly admissible and we accordingly affirm the adjudications of delinquency.

. Even if the juveniles did not agree, we would find the initial stop to be a valid Terry stop.