481 So.2d 975 (1986)
Joseph SPRINGFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1157.
District Court of Appeal of Florida, Fourth District.
January 22, 1986.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
*976 Jim Smith, Atty. Gen., Tallahassee, and Richard G. Bartmon, Asst. Atty., Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Joseph Springfield appeals the denial of his motion to suppress. The evidence sought to be suppressed was a tape recorder which Springfield had in his possession at the time of his arrest. He was ultimately adjudicated guilty of burglary and petit theft of the tape recorder. The issue raised by Springfield on appeal from denial of the motion is whether his arrest was made without probable cause.
The arresting officer, Burroughs, testified that at about 10:40 p.m. on the evening of the arrest two Pahokee residents reported seeing a black male walk from behind their house carrying something. They followed him to East Main Place. Burroughs proceeded to East Main Place and observed appellant, Springfield, carrying something in his arms and staggering. Burroughs recognized Springfield as an individual he had previously arrested for burglary. He stopped appellant, observed the tape recorder and asked him where he got it. Appellant replied that he had found it in the garbage. Burroughs felt that, because the recorder was clean and had no dew on it, this explanation was "very unlikely." In addition, appellant had offered a similar explanation on the occasion of his previous arrest, as a result of which he had been convicted of burglary.
Appellant carried no identification and little or no money. He had no place of residence and was unable to explain his presence in this neighborhood at that time of night.
Burroughs arrested appellant for night prowling (although he was never subsequently charged with that offense) in order to hold him until a burglary was reported. The next morning the burglary was reported, and the tape recorder was identified as having been taken in the burglary.
The question is whether there was probable cause to arrest appellant for loitering. We find that there was not probable cause and reverse.
The Florida loitering and prowling statute, section 856.021, Florida Statutes (1983), provides:
(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.
(3) Any person violating the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.
In order to arrest a person for violation of this statute, the arresting officer must have probable cause to believe that the offense has been committed. D.A. v. State, 471 So.2d 147 (Fla.3d DCA 1985).
The elements of loitering and prowling, both of which must be present, are:
(1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; (2) *977 such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
State v. Ecker, 311 So.2d 104, 106 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); D.A., 471 So.2d at 150. This statute has been found to reach the "outer limits of constitutionality," and therefore it has been held that it "must be applied by the courts with special care so as to avoid unconstitutional applications." Id. at 153. See also Ecker, 311 So.2d at 104. As noted by our supreme court, application of this statute "requires a delicate balancing between the protection of the rights of individuals and the protection of individual citizens from imminent criminal danger to their persons or property." Ecker, 311 So.2d at 107. The courts have repeatedly disapproved use of the loitering and prowling statute as a "`catchall' provision [w]hereby citizens may be detained by police ... when there is an insufficient basis to sustain a conviction on some other charge." B.A.A. v. State, 356 So.2d 304, 306 (Fla. 1978) (footnote omitted); Ecker, 311 So.2d at 111. See also D.A., 471 So.2d at 153; Patmore v. State, 383 So.2d 309 (Fla.2d DCA 1980).
In Ecker the supreme court found that:
The whole purpose of the [loitering and prowling] statute is to provide law enforcement with a suitable tool to prevent crime and allow a specific means to eliminate a situation which a reasonable man would believe could cause a breach of the peace or a criminal threat to persons or property.
311 So.2d at 110. To this end, in order to justify an arrest, "`the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' a finding that a breach of the peace is imminent or the public safety is threatened." Id. at 109 (citation omitted). See also B.A.A., 356 So.2d at 304. Further, since loitering and prowling is a misdemeanor, only the officer's own observations may be considered in determining whether probable cause exists to make a warrantless arrest. § 901.15(1), Fla. Stat. (1983); Ecker, 311 So.2d at 111; T.L.M. v. State, 371 So.2d 688 (Fla. 1st DCA 1979).
In D.A. v. State, 471 So.2d at 147, the police responded to a complaint about a disturbance. When they arrived, there was no disturbance, but they saw appellant next to a van parked in an alley. As they approached, he ran, as did others in the vicinity of the van. The officers observed that the van's ignition had been "punched" so that it could be started with a screwdriver, and that tape had been placed over the name "Tropical Provision Company" on its door. The officers learned via police radio that the van had been stolen from that company the same morning. Appellant was apprehended a short distance away and arrested for loitering and prowling.
In finding lack of probable cause to arrest appellant for loitering and prowling, the third district stressed that the statute is forward-looking with its sole purpose being to prevent imminent future criminal activity, and that it "is not directed at suspicious after-the-fact criminal behavior which solely indicates involvement in a prior, already completed substantive criminal act." Id. at 151. The court concluded that appellant's presence at the stolen van indicated that he had been involved in a completed criminal act, but not that he was about to commit a crime. The court found the fact that appellant fled to be evidence, according to the statute, of commission of the offense, but insufficient in itself to justify his arrest on that ground. Also, the court noted that appellant's failure to explain his presence could not constitutionally be used to establish the offense of loitering and prowling.
Similarly, in T.L.M. v. State, 371 So.2d at 688, a police officer responded to a report of a disturbance at a local hospital at 2:00 a.m. When he arrived, appellant and another juvenile were merely standing outside. Appellant appeared to be under the influence of alcohol. The appellate court *978 found that the officer had no authority to arrest appellant because there was nothing about these facts to justify a belief that he would endanger public safety.
See also B.A.A. v. State, 356 So.2d 304 (Fla. 1978) (insufficient basis to arrest defendant for loitering where officer merely observed that she approached a number of cars at an intersection and engaged the drivers in conversation); Patmore v. State, 383 So.2d 309 (Fla.2d DCA 1980) (where police who were looking for robbery suspect observed that appellant acted peculiar upon approach of police car, and turned and ran, no reasonable grounds to believe he would threaten public safety and thus no basis for arrest under loitering statute, though police may have had reasonable grounds to suspect him of the robbery); Boal v. State, 368 So.2d 71 (Fla.2d DCA 1979) (that appellant was walking at a late hour in an area where recent burglaries had occurred was sufficient to justify officer's brief stop of appellant but not arrest under loitering statute). (The Boal case was subsequently overruled in part in State v. Levin, 452 So.2d 562 (Fla. 1984), where the supreme court held that even a stop was not justified.)
The primary difference between the above cases and those in which probable cause for arrest for loitering and prowling is found is that the latter involve circumstances leading the officers to believe that the defendant is about to engage in criminal conduct, or that a criminal act which was already started is still in progress. The D.A. court gave some examples of such cases:
For example, in Bell v. State [311 So.2d 104] which affirmed a loitering and prowling conviction, the defendant's actions in hiding in the bushes of a private dwelling at 1:20 a.m. obviously threatened the safety of persons and property in the said dwelling. And in Hardie v. State [333 So.2d 13 (Fla. 1976)] which affirmed a loitering and prowling conviction, the defendant's actions in rummaging through two cars at a closed gas station at 2:55 a.m. obviously constituted a threat to the safety of the cars in question. Also in In re A.R. [460 So.2d 1024 (Fla. 4th DCA 1984)] which affirmed a loitering and prowling adjudication, the juvenile's actions in watching traffic while his companion burglarized an adjacent closed car lot at 10:00-11:00 p.m. obviously constituted a threat to the safety of the cars on the lot.
471 So.2d at 152. See also State v. Jones, 454 So.2d 774 (Fla.3d DCA 1984) (arrest for loitering and prowling proper where officers saw defendant in front of auto parts store in early morning hours with shopping cart full of cartons, suspected that burglary was in progress, and where after seeing police, defendant abandoned the cart and later gave conflicting explanations for his behavior); T.J. v. State, 452 So.2d 107 (Fla.3d DCA 1984) (officer who had report that three black males were trying to snatch purses from cars in a high crime area, and who observed defendants approach a stopped car and then walk off in another direction when they saw him, had probable cause to arrest defendants for loitering and prowling).
In the instant case it is undisputed that Officer Burroughs did not have probable cause to arrest appellant for burglary; the only issue is whether he had probable cause to make an arrest under the loitering and prowling statute. Applying the foregoing principles of law, we note, first, that since the officer could rely only on his own observations, he could not base his decision in any way on the report of the two witnesses that a black male carrying something had been observed in their backyard. The officer himself observed only that appellant was walking with a staggering gait on a public sidewalk at 10:40 p.m. and that he was carrying a tape recorder and may have been drinking. There is nothing in the record to indicate the character of the neighborhood where appellant was walking, and it therefore cannot be determined whether it was unusual for a pedestrian to be there at that hour. As previously noted, evidence of a pedestrian's intoxication, without more, cannot justify an arrest for loitering and prowling, nor can appellant's *979 failure to explain his presence in the area be considered.
All that remains is that appellant was observed on a public street carrying a tape recorder. Although when questioned he could not satisfactorily explain his possession of the article, thus leading the officer to believe  particularly based on his past encounter with appellant  that it had been stolen, as in the D.A. case involving the stolen van, this indicates only that appellant had already committed a crime, but not that any future criminal activity was imminent.
The state relies heavily on the third district's Jones case, to which we have previously referred, where the defendant was found outside an auto parts store with a cart full of cartons. At first blush, that case appears to be in conflict with D.A., also from the third district. However, a closer examination reveals that the two cases are distinguishable on their facts because in Jones the officers indicated that they believed a burglary was still in progress, while D.A., like the instant case, involved an already completed theft, and there was no indication of continuing criminal activity.
In Ecker, 311 So.2d at 111, the supreme court found disturbing the police officer's statement that he had arrested the defendant for loitering "`because we could not prove anything else'... ." Id. The record here contains similar statements by Officer Burroughs, such as his comment that appellant had been booked into jail as a "sleeper" until a burglary could be located. In considering the transcript as a whole, it is apparent that the loitering and prowling statute was unconstitutionally applied here as a mere "catchall" provision to detain appellant until sufficient evidence could be obtained to charge him with burglary. The trial judge himself indicated that the factor that convinced him to uphold the arrest was the officer's suspicion, based on his past experience with appellant, that he had committed a burglary. This is clearly an impermissible basis for a loitering and prowling arrest because it relies upon already-completed criminal activity, rather than upon any imminent future threat to persons or property.
We therefore reverse the judgment and sentence of the trial court and direct the trial court to strike the conviction from appellant's record.
REVERSED WITH DIRECTIONS.
ANSTEAD and HURLEY, JJ., concur.