PER CURIAM.
We reverse an adjudication of delinquency for carrying on or about his person, a concealed weapon, to wit: a knife, finding that the trial court erred in failing to grant the juvenile’s motion to suppress the fruits of an illegal search.
The juvenile was originally arrested for loitering and prowling (a misdemean- or) when there was no evidence that the same took place in the presence of the arresting officers, but to the contrary, allegedly occurred at a time and place removed from the scene of the arrest. Therefore, the arrest was illegal. State v. Ecker, 311 So.2d 104, 111 (Fla.1975); Springfield v. State, 481 So.2d 975 (Fla. 4th DCA 1986); T.L.M. v. State, 371 So.2d 688 (Fla. 1st DCA 1979). A search subsequent to the arrest revealed the knife, which was the basis of the charge herein. As said search was conducted pursuant to an illegal arrest, the fruits thereof are in-admissable and should have been suppressed. Norman v. State, 379 So.2d 643 (Fla.1980); V.S. v. State, 446 So.2d 232 (Fla. 3d DCA 1984).
Reversed with directions to discharge the juvenile.