516 So.2d 312 (1987)
Robert CARTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2413.
District Court of Appeal of Florida, Third District.
December 8, 1987.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
*313 Robert A. Butterworth, Atty. Gen., and Mark J. Berkowitz, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.

ON MOTION FOR REHEARING
NESBITT, Judge.
On rehearing, we vacate our majority opinion filed June 2, 1987 and replace it with the following.
Carter appeals his convictions, following his nolo contendere pleas to the charges of burglary and grand theft. We reverse the convictions because the trial court erred in denying Carter's motion to suppress evidence seized and statements made by him after his arrest.
On the afternoon of March 19, 1984, residents of a Carol City neighborhood reported to police that a suspicious-looking, tall, thin, black male, wearing a light-colored shirt had approached their front door and had asked for a drink of water. Based on the reports, police officer Hoadley issued a "be-on-the-lookout" (BOLO) for a such a person. Officer Bullen stopped Carter, who fit the description, a short while later while he was riding on a bicycle on a public street. Bullen and officer Hoadley, who arrived later, questioned Carter. After Carter gave inconsistent explanations for being in the neighborhood, the officers arrested him for loitering and prowling. The officers then searched the bag Carter was carrying, which revealed a number of stolen items. Carter admitted to having burglarized an apartment and led the police to the apartment. Carter was subsequently charged with burglary and grand theft. After the trial court rejected Carter's bid to have the evidence obtained in the search and his statements suppressed as improperly acquired as a result of an unlawful arrest, Carter pled nolo contendere reserving the right to appeal the trial court's ruling on the motion to suppress.
Carter correctly contends that the evidence and statements were products of an unlawful search and should have been suppressed. In the absence of a warrant, a police officer may arrest a suspect for committing a misdemeanor, only where every element of the crime is committed in the officer's presence. § 901.15(1), Fla. Stat. (1983); T.L.M. v. State, 371 So.2d 688 (Fla. 1st DCA 1979). Before an officer may arrest an individual for loitering and prowling, it must appear that
(1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; [and] (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
State v. Ecker, 311 So.2d 104, 106 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); accord Springfield v. State, 481 So.2d 975 (Fla. 4th DCA 1986); see § 856.021(1), Fla. Stat. (1983). Since the offense of loitering and prowling is a misdemeanor, § 856.021(3), Fla. Stat. (1983), before the officers could validly arrest Carter without a warrant, he had to have committed the requisite acts in their presence. Carter's conduct in the officer's presence, namely, riding a bicycle in the early afternoon on a public road, while carrying a bag, cannot be considered to have satisfied the elements required to establish probable cause to arrest for loitering and prowling. See D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1985). Furthermore, since neither of the arresting officers witnessed any of the acts reported by the Carol City residents, they could not rely on those acts to decide that they had probable cause to arrest Carter. Towne v. State, 495 So.2d 895, 898 (Fla. 1st DCA 1986), review denied, 504 So.2d 768 (Fla. 1987); Springfield, 481 So.2d at 978; see C.D. v. State, 501 So.2d 170 (Fla. 3d DCA 1987); T.L.M., 371 So.2d at 688; § 901.15(1), Fla. Stat. (1983). Consequently, the officers lacked probable cause to arrest Carter for loitering and prowling. The evidence the officers obtained from Carter and the statements made by him, were therefore products of an unlawful arrest and were subject to suppression. See C.D., 501 So.2d at 170; State v. Arnold, 475 So.2d 301 (Fla. 2d DCA 1985); *314 V.S. v. State, 446 So.2d 232 (Fla. 3d DCA 1984). Accordingly, since the trial court erred in denying Carter's motion to suppress, we reverse his convictions.
BASKIN, Judge (concurring).
I concur in the majority opinion on motion for rehearing, not only for the reasons stated, but also for those reasons expressed in my dissent to the original opinion. In my view, the officer's reasons for stopping defendant Carter do not present a "reasonable" or "founded" basis for forming a suspicion of criminal behavior. Mullins v. State, 366 So.2d 1162 (Fla. 1978); Coladonato v. State, 348 So.2d 326 (Fla. 1977). In Mullins, the supreme court held that riding a bicycle through a residential area in the early morning hours was "clearly insufficient to give rise to anything more than a bare suspicion of illegal activity." Mullins, 366 So.2d at 1163. In Coladonato, the court ruled that driving a van with out-of-state plates at 7:30 p.m. in a business district did not give rise to founded suspicion of illegal conduct. Mullins and Coladonato are dispositive here. Carter walked up to a residence, knocked on the door, asked for water, and complied with a request to leave; his actions do not justify an investigatory stop. See State v. Levin, 452 So.2d 562 (Fla. 1984), approving, 449 So.2d 288 (Fla. 3d DCA 1983). Furthermore, Carter's riding a bicycle on a public street while carrying a bag is not conduct giving rise to "reasonable alarm or immediate concern for the safety of persons or property in the area" and thus does not justify his arrest for loitering and prowling. D.A. v. State, 471 So.2d 147, 154 (Fla. 3d DCA 1985); see B.H. v. State, 505 So.2d 14 (Fla. 3d DCA 1987). Although a police officer is entitled to rely on the contents of a BOLO when "the victim himself made the original report [and] the source of the information is deemed reliable," Franklin v. State, 374 So.2d 1151, 1153 (Fla. 3d DCA 1979), cert. denied, 388 So.2d 1113 (Fla. 1980), the report must contain articulable facts. Officer Hoadley issued a BOLO when residents reported a "suspicious" person walking in their neighborhood; however, the reports failed to articulate objective facts to support the suggestion that any specific crime had been, was being, or was about to be committed. Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968), demands that:
[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.
In the case before us, official intrusion is unwarranted.
JORGENSON, Judge, dissenting.
I respectfully dissent. Although I agree that there is insufficient evidence to support a loitering and prowling conviction under section 856.021(1), Florida Statutes (1983), there was abundant probable cause for the loitering/prowling arrest. See D.A. v. State, 471 So.2d 147, 153 (Fla. 3d DCA 1985). Carter's activities were brought to the attention of the police by a concerned resident whom Carter had approached and asked for water. Carter's compliance with her request to leave, however, was by way of a sideyard, cutting through private property, rather than returning to the public thoroughfare. The resident's complaint to the police about a trespassing stranger, coupled with an accurate description of the trespasser, is, in my view, a sufficient basis for a law enforcement inquiry. Carter's subsequent evasive and conflicting answers to the officer's reasonable inquiries furnished probable cause for a loitering and prowling arrest. The officers' inspection of the contents of Carter's bag, which revealed stolen property, was proper as incident to a lawful arrest. Carter's concededly Mirandized statements in which he acknowledged a burglary were likewise proper.
I would affirm.