# STATE OF FLORIDA v BESEDA

Case No. 88-001017 TC A02

County Court, Palm Beach County

April 1, 1988

## APPEARANCES OF COUNSEL

Assistant State Attorney **Volpe** for plaintiff.

**Fredrick R. Susaneck** for defendant.

## OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS CASE WAS BEFORE THE COURT, pursuant to the Defendant's motion to exclude evidence alleged to have been collected as a result of an illegal arrest and the Court having heard testimony of witnesses and argument of counsel, hereby denies the motion.

The facts of this, which are not in dispute, are that Deputy Fenner witnesses the Defendant become involved in a single car accident. Thereafter, Deputy Wexler, who was called to the scene by a supervisor, apparently because of his training in the area of DUI investigation, conducted road-side sobriety tests and subsequently arrested the Defendant for DUI. It is agreed between the parties, for purposes of this motion, that the combined, but independent observations of both Deputies supports a finding of probable cause.

The Defendant asserts that the arrest was unlawful, under Florida Statute 901.15(5) and 901.18 as the arresting officer did not observe the Defendant drive or in actual physical control of the car and Deputy Fenner did not personally call Deputy Wexler for assistance.

The Defendant cites several cases in support of his position, all of which that stand for the proposition that for a misdemeanor arrest to be valid, all elements of the offense must occur in the officer's presence. *T.L.M. v. State,* 371 So.2d 688 (1st DCA 1979); *Springfield v. State,* 481 So.2d 975 (4th DCA 1986); *Kirby v. State,* 271 So.2d 619 (4th DCA 1969); *State v. Holden,* 299 So.2d 8 (1974), etc.

In the Court's view, all of these cases are distinguishable from the facts of the case at bar. In the cases cited, the officers were basing probable cause on information gleaned from the observations of private citizens, none of whom were actually participating in the arrests.

The Court is of the opinion that *Edwards v. State,* 462 So.2d 581 (4th DCA 1985), another case cited by the Defendant, and well known to the Court, more closely resembles the facts in the present case. In *Edwards,* off duty police officers, acting outside of their jurisdiction, stopped a driver who was driving in a dangerously erratic manner and detained him. Subsequently, an on-duty Highway Patrolman arrived, conducted sobriety tests and made an arrest. The question in *Edwards,* which was answered in the affirmative, was whether the off-duty officers had made a valid citizen's arrest. Although the Court never discussed the precise issue at bar, the Court clearly ratified the initial detention and the subsequent arrest.

The Court, based upon the *Edwards* decision, is of the opinion, and so holds, that a misdemeanor arrest is lawful if supported by probable cause resulting from the substantially contemporaneous combined personal observations of more than one police officer arising from a single criminal transaction or occurrence amounting to a breach of the peace.

In view of the above, it is not necessary for the Court to determine whether 901.16 or 316.645 would apply to justify the arrest.

92

*ISSUE CERTIFIED*

Pursuant to Rule 9.030(b)(4) and 9.160, Florida Rules of Appellate Procedure, I hereby certify that the following issue is of great public importance:

WHETHER A MISDEMEANOR ARREST IS LAWFUL UNDER 901.15(5) IF SUPPORTED BY PROBABLE CAUSE RESULTING FROM THE SUBSTANTIALLY CONTEMPORANEOUS COMBINED PERSONAL OBSERVATIONS OF MORE THAN ONE POLICE OFFICER ARISING FROM A SINGLE CRIMINAL TRANSACTION OR OCCURRENCE AMOUNTING TO A BREACH OF THE PEACE.

DONE AND ORDERED, this 1st day of April 1988 at West Palm Beach, Florida.