# TORRES v STATE OF FLORIDA

## Case No. 87-364-AC (County Court Case No. 86-58089)

Eleventh Judicial Circuit, Appellate Division, Dade County

August 16, 1988

### APPEARANCES OF COUNSEL

**Bennett H. Brummer** Public Defender, for appellant.

**Robert A. Butterworth** Attorney General, for appellee.

Before NADLER, KAYE, ROBINSON, JJ.

### OPINION OF THE COURT

STEVEN D. ROBINSON, J.

The issue in this case is whether or not the Florida statute prohibiting loitering and prowling, § 856.021, applies to a person found committing the apparently criminal offense described herein.

The defendant and another individual were first observed at midnight by a witness inside and talking in a car. The two then got out, opened their trunk and took out a gas can and hose. They walked a

short distance to another car and siphoned some gas. The witness had summoned the police who observed them pouring gas into the tank of the first car. The police did not witness the theft. When asked for an explanation, the defendant volunteered that he had obtained the gas from a friend's house a number of blocks away. As his explanation was both improbable and not consistent with the circumstances which the officer already knew, she placed him under arrest for loitering and prowling.

Obviously the defendant could not have been arrested for the misdemeanor of petty theft. The initial part of the incident was not personally observed and the element of the owner's lack of consent was not evident. *Springfield v State*, 481 So.2d 975 (Fla. 4th DCA 1986). Was there probable cause to arrest for loitering and prowling? We feel there was.

*D.A. v State*, 471 SO.2d 147 (Fla. 3d DCA 1985) reviews the two elements of loitering and prowling set forth in *State v Ecker*, 322 So.2d 104 (Fla.), cert. denied 423 U.S. 1019, 96 S. Ct. 455, L. Ed.2d 391 (1975).

1) A defendant must have loitered or prowled in a place, at a time or in a manner, not usual for law-abiding individuals.

2) Such loitering and prowling was under circumstances that warranted a justifiable or immediate concern for the safety of persons or property in the vicinity.

To prove the first element, a defendant must engage in incipient criminal behavior, falling short of an actual or attempted commission of a crime but which constitutes the "threat of immediate, future criminal activity". *D.A., supra* at 151. The second element is proven by behavior, alarming in nature, threatening the physical safety of persons or property in the area. *D.A., supra* at 152.

What conditions could satisfy both elements more than the facts of this case? An apparently criminal act was in progress; the defendant's statement obfuscated the situation; the police had every reason to believe that immediate further criminal activity could occur. The police did not have sufficient evidence to arrest for theft, but it was reasonable to conclude that a theft was in progress and that a continuation of that theft or a future theft would occur.

The appellant argues that past criminal activity cannot form the probable cause for arrest. *D.A.* addresses this idea specifically citing *Hardie v State*, 333 So.2d 13 (Fla. 1976), and *Bell v State*, 311 So.2d 104 (Fla.) cert. denied 423 U.S. 1019, 96 S.Ct. 455, as examples of past

131

criminal behavior providing a basis for proper loitering and prowling arrests.

The appellant also argues that the facts did not establish proof beyond every reasonable doubt. This court finds sufficient evidence in the record for the trial court, sitting without a jury and applying the principles enunciated in this opinion and the reasonable doubt standard to those facts, to find the appellant, Eli Torres, guilty.

We affirm.

NADLER and KAYE, J.J., CONCUR.