GARRETT, Judge.
Appellant pled nolo contendere to possession of cocaine reserving his right to appeal the denial of his motion to suppress.
The facts are undisputed. At 5:30 a.m. Ms. Martinez heard someone knocking on her house door. She did not recognize the person and called the police. When an officer responded he saw appellant about three houses away walking down the street. The officer stopped appellant and asked him if he had knocked on the door. Appellant said, “yes.” When asked why, appellant stated, “because I want to talk to somebody.” When asked to identify himself, appellant replied, “Fm the police,” which prompted the real police to arrest him for loitering and prowling. The officer conducted a body search incidental to the arrest and found the cocaine in appellant’s pocket.
A police officer may make a war-rantless arrest for loitering and prowling if he or she sees an accused (1) loitering and prowling in a place, time or manner not usual for law-abiding citizens and (2) the circumstances warrant justification and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. § 856.021, Fla.Stat. (1987). The failure to provide identification or a reasonable explanation for the questioned activity are not elements of the crime. The criminal conduct must be completed prior to any attempt to identify or explain. See State v. Rash, 458 So.2d 1201 (Fla. 5th DCA 1984). When there is an arrest for loitering and prowling all elements of the misdemeanor offense must occur in the officer’s presence, T.L.M. v. State, 371 So.2d 688, 689 (Fla. DCA 1979) (citing Kirby v. State, 217 So.2d 619 (Fla. 4th DCA 1969)), and only a police officer’s own observation may be considered in determining whether probable cause exists to make the warrantless misdemeanor arrest. See Springfield v. State, 481 So.2d 975 (Fla. 4th DCA 1986).
Nothing appellant did in the presence of the officer justified alarm or immediate concern for the safety of persons or property in the vicinity. The place, time or manner of the appellant walking down the street early in the morning was not unusual for a law-biding citizen. See Boal v. State, 368 So.2d 71 (Fla. 2d DCA 1979).
We hold that appellant’s seizure occurred without probable cause to arrest for loitering and prowling and the cocaine was the “fruit” of the illegal search. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Accordingly, we reverse and remand for the trial court to grant the motion to suppress.
REVERSED AND REMANDED.
HERSEY, C.J., and WARNER, J., concur.