572 So.2d 21 (1990)
In the Interest of T.T., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0469.
District Court of Appeal of Florida, Fourth District.
December 28, 1990.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Miles Ferris, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
T.T., a juvenile, was charged by delinquency petition with loitering and prowling in violation of section 856.021, Florida Statutes (1987). T.T. moved for a judgment of acquittal which the trial court denied. The court found T.T. guilty of the charged offense, adjudicated him delinquent, and committed him to H.R.S. for sixty days.
In order to sustain a conviction for loitering and prowling under section 856.021, Florida Statutes, there must be proof beyond a reasonable doubt that: "the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals [and] such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." State v. Ecker, 311 So.2d 104, 106 (Fla. 1975); Lucien v. State, 557 So.2d 918 (Fla. 4th DCA 1990); D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1985). When there is an arrest for loitering and prowling all elements of the misdemeanor offense must occur in the officer's presence. The failure to provide identification or a reasonable explanation for the questioned activity are not elements of the crime, and the criminal conduct must be completed prior to any attempt to identify or explain. Lucien, 557 So.2d at 919.
The issue is whether the evidence was sufficient to establish the two requisite elements for a charge of loitering.
*22 We have surveyed the evidence and determine as a matter of law that it is insufficient to sustain the conviction. The juvenile was first observed at 8:30 p.m. as a passenger in a car parked in a parking lot behind a closed business. The car remained in this location for five minutes. No one exited the car. When the vehicle left the parking lot, it was being driven at a slow but normal speed with its headlights off. The vehicle then stopped in response to the police emergency signals. Suffice it to say, the juvenile's belligerency and the officer's disbelief in the juvenile's explanations, all coming after the stop, cannot be used to support the charge of loitering and prowling.
REVERSED.
WALDEN, GLICKSTEIN and WARNER, JJ., concur.