# METROPOLITAN DADE COUNTY v FRENCH
## Case No. 90-267 AP
Eleventh Judicial Circuit, Dade County
June 11, 1991

### APPEARANCES OF COUNSEL
**Lister Witherspoon, IV, Esquire,** for appellant.
**Cecilia M. Altonaga, Esquire,** for appellee.
Before FULLER, DONNER, B. SHAPIRO, JJ.

## OPINION OF THE COURT

FULLER, J.

A Metropolitan Dade County Code Inspection Officer issued Uniform Civil Violation Notices to the Appellee because her dogs were running at large and had caused injury to the person, property or animal of another, to wit, her neighbor. The matter came before a hearing officer and testimony was taken from the code inspector who issued the violations and the offended neighbor. Evidence was adduced

as to the identification of the dogs as being owned by the Appellee, their running loose off the property of the Appellee and onto the property of the neighbor and his resultant injury from the dogs jumping on him. The code inspection officer was not a witness to the incident. The hearing officer ruled that in the absence of the code inspection officer or someone else representing the department witnessing the incident, the charge was not proven. As the hearing officer states in his summary of his ruling "I can't find people guilty when you or the person giving it out (uniform civil violation notice) has not seen anything . . ."

The hearing officer's findings of fact and conclusions of law contained in the record reflect the violation was issued in accordance with the penalty and compliance requirements stipulated under the provisions of Section 8 CC of the Code of Metropolitan Dade County, Florida, that the department was correct in its assessment of the subject violation and that the department presented a preponderance of evidence that indicated that the violator is responsible for the subject violation. Therefore, a finding of "not guilty" was entered.

The hearing officer committed an error of law in holding that, in the absence of personal knowledge by the code inspector or some other animal services officer, he could not find the Appellee guilty. Perhaps the hearing officer confused the rule of law in this case with one that holds, that to cause the arrest for a misdemeanor, the arresting officer must have witnessed the wrongful conduct. *C.D. v State,* 501 So.2d 170 (Fla. 3d DCA 1987). Such a rule is inapplicable in cases such as this where the ordinances at issue and Appellee's wrongful conduct are not misdemeanors or criminal in nature but are civil infractions punishable only by monetary fines. Section 8 CC-10 Dade County Code. Appellee was never arrested. She simply had the two violations nailed to her door. The burden of proof required only that evidence produced lead a reasonably cautious person to a conclusion of guilt, or a reasonable belief as to the guilt of appellee. *Saporito v Bune,* 195 SO.2d 244, 245 (Fla. 2d DCA 1967) (Finding preponderance of the evidence is standard). In this case the county's evidence was not hearsay, was uncontradicted, and was unimpeached. The hearing officer had to accept it. *State v Fernandez,* 526 So.2d 192, 193 (Fla. 3d DCA 1988).

Accordingly, this case should not have been dismissed, but, based on the only possible interpretation of all of the evidence, the hearing officer should have found the Appellee guilty of the subject violations. This cause is remanded to the hearing officer to make his ultimate conclusion of law consistent with this opinion.

DONNER, J. and B. SHAPIRO, J., concur.