PER CURIAM.
The state appeals the trial court’s order granting the defendant, Nicholas J. Lookre-tis’, motion to suppress. We reverse.
The defendant pled not guilty to possession of cocaine and to loitering and prowling, in violation of sections 893.13 and 856.021, Florida Statutes (1993). The defendant filed a motion to suppress the cocaine, which was seized from his person, and any statements that he had made on the grounds that his arrest for loitering and prowling was not based on probable cause.
At the suppression hearing, Deputy McLean testified that at 1:05 a.m. he observed the defendant stop his ear in front of a duplex in a housing authority, turn off the car lights, and quickly back up. The defendant then got out of his car and walked between the duplexes where the deputy lost sight of him. The duplexes were maintained by the Public Housing Authority and were documented with the sheriff’s office as known crack houses. McLean testified that he was familiar with the duplex residents, whom were all black, and that the defendant was white and was not a resident.
Deputy McLean testified that when the defendant returned from behind the duplexes fifteen minutes later, McLean approached the defendant and read him his Miranda rights. After the defendant waived those rights, he pointed to the duplex numbered 13277 and explained he was going there to meet a person by the name of Bill. However, when McLean went to that address he discovered it was vacant and he subsequently confirmed that it was vacant with the Housing Authority Residency List. The defendant then changed his story and said that he had been robbed at knife point by several black males. McLean testified that since the defendant did not dispel his alarm with the false explanations for being in the area, he arrested the defendant for loitering and prowling. Pursuant to a search incident to the arrest, the deputy found cocaine and $25 cash on his person. The trial court granted the defendant’s motion to suppress and this timely appeal by the state followed.
A loitering and prowling conviction under section 856.021 requires proof that the defendant was loitering or prowling in a place, at a time, or in a manner unusual for a law abiding individual under circumstances that warrant a justifiable and reasonable alarm or concern for the safety of persons or property in the vicinity. K.R.R. v. State, 629 So.2d 1068 (Fla. 2d DCA 1994). Prior to any arrest, the defendant must be afforded an opportunity to dispel any alarm or immediate *1239 concern by identifying himself and explaining his presence and conduct. K.R.R., 629 So.2d at 1070.
We agree with the state’s contention that the trial court erred in granting the defendant’s motion to suppress since under the totality of the circumstances the defendant’s arrest for loitering and prowling was supported by probable cause. The deputy observed the defendant in a high crime narcotics area that was made up of residents that were known to the deputy and did not include the defendant. The defendant was in the area at 1:05 a.m., and the residents of the duplex had contracts with the Housing Authority which stated that they were not to have guests in an untimely manner. No trespassing signs were also posted in the area, and the deputies had been asked by the Housing Authority to investigate any potential trespassers. Furthermore, the defendant was given an opportunity to dispel the deputies alarm as required by section 856.021(2). However, when the defendant gave inconsistent explanations for being in the area which the deputy knew to be false, the defendant failed to dispel that alarm. Therefore, we hold that the totality of the circumstances gave the deputy probable cause to arrest the defendant for loitering and prowling. See State v. Gibbons, 617 So.2d 854 (Fla. 2d DCA 1993). See also T.J. v. State, 452 So.2d 107 (Fla. 3d DCA 1984).
We, accordingly, find that the trial court erred in granting the defendant’s motion to suppress and, accordingly, reverse and remand for proceedings consistent herewith.
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER and LAZZARA, JJ., concur.