HUBBART, Judge.
This is a juvenile delinquency proceeding for loitering and prowling filed before the Juvenile Division of the Dade County Circuit Court. The juvenile was adjudicated delinquent as charged and appeals.
The controlling issue presented for review is whether it is essential to a successful prosecution for loitering and prowling under Section 856.021, Florida Statutes (1975),-for the state to establish that (a) the police prior to any arrest for the offense charged gave the accused an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the accused to identify himself and explain his presence and conduct, or (b) there were circumstances which made it impracticable for the police to give the accused such an opportunity. We hold that such a showing is essential to a successful prosecution for loitering and prowling under Section 856.021, Florida Statutes (1975). Accordingly, we reverse and remand for a new trial.
*475 The record reveals that the juvenile S.F. herein was charged by petition filed before the Juvenile Division of the Dade County Circuit Court with the offense of loitering and prowling. The sparse five pages of trial testimony in the record show that on the afternoon in question the juvenile herein and another juvenile walked through the open door of a private room on the second floor of a rooming house stating that they were looking for a job and wanted a cigarette. These actions and words caused alarm for the safety of the occupant of the room who in turn picked up a club and ordered the two juveniles out of his room. The juveniles thereupon left. No evidence was presented as to the arrest of the juvenile herein.
The trial court adjudicated the juvenile delinquent as charged and placed him under the supervision of the Florida Division of Youth Services. The trial court thereafter denied the juvenile’s motion for a new trial, which denial is assigned as error and represents the sole point on appeal before this court.
Section 856.021, Florida Statutes (1975), the statute under which the juvenile herein was charged and adjudicated delinquent, states the controlling law:
“(1) It is unlawful for any person to loiter or prowl in a place, at a time or in a manner not usual for law-abiding individuals, under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
(2) Among the circumstances which may be considered in determining whether such alarm or immediate concern is warranted is the fact that the person takes flight upon appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or any object. Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this section if the law enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.” [Emphasis added.]
There are two elements to the offense of loitering and prowling under the above statute: (1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law abiding individuals; and (2) such loitering and prowling were under circumstances which warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. In order to establish the second element of the offense, it must be shown that (a) the police prior to any arrest for the said offense gave the accused an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the accused to identify himself and explain his presence and conduct; or (b) there were circumstances which made it impracticable for the police to give the accused such an opportunity. State v. Ecker, 311 So.2d 104 (Fla.1975); L.L.J. v. State, 334 So.2d 656 (Fla. 3d DCA 1976); B.A.A. v. State, 333 So.2d 552 (Fla. 3d DCA 1976).
In the instant case, the state failed to establish the second element of the offense because it did not make the above requisite showing concerning the pre-arrest offer of an opportunity to dispel alarm. Indeed, no evidence concerning the juvenile’s arrest was ever offered by the state at trial. The absence of such a requisite showing is fatal to the state’s case. L.L.J. v. State, 334 So.2d 656 (Fla. 3d DCA 1976).
The state contends that the required statutory showing was unnecessary in this case because the juvenile gave an explanation of his presence to the occupant in the room. This does not comply with the statute because it was not an explanation given to a *476 police officer prior to arrest. Moreover, the words in the room as well as the actions of the juvenile herein gave rise to the charged alarm on the part of the room occupant. It would be anomalous indeed to hold, as the state urges, that the words giving rise in part to the alarm also constitute the alleged explanation to dispel the alarm. It may be that someone in the rooming house directed the juvenile to the room where the door was open as the place where he should enter and inquire as to any job openings at the rooming house. In short, the juvenile should have been given an opportunity by the police prior to arrest to dispel any alarm caused by his words and actions in the room in question. The failure of the state to establish that such an opportunity was given, or that under the circumstances it was impracticable for the police to have given the juvenile such an opportunity, is fatal to the state’s case.
The adjudication of delinquency is reversed and the cause remanded to the trial court with directions to afford the juvenile a new trial.