383 So.2d 309 (1980)
Gary L. PATMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1327.
District Court of Appeal of Florida, Second District.
May 9, 1980.
*310 Jack O. Johnson, Public Defender, and Douglas A. Lockwood, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Chief Judge.
Gary L. Patmore pled nolo contendere to charges of loitering and possession of marijuana, reserving the right to appeal the denial of his motion to dismiss the loitering charge and the denial of his motion to suppress the marijuana. This appeal followed.
Appellant was walking near 4th Street in St. Petersburg at about 9:00 p.m. one evening when a police car followed by a police van passed him. He reacted peculiarly, turning around and walking hurriedly away. Eventually he broke into a run. The police were looking for suspects in an armed robbery, and because of appellant's reaction to the car, they suspected that he might have been involved in the robbery. The officers in the van chased him and observed him drop a bag which was later found to contain marijuana. They arrested him and took him to the scene of the robbery where witnesses exonerated him. Nonetheless, the officers then charged him with loitering and possession of marijuana.
Appellant argues that the state failed to make a prima facie case for loitering. Two elements must be present in order to sustain a conviction for loitering. First, the accused must be prowling or loitering in a place, at a time, or in a manner not usual for law-abiding citizens. Second, there must be conduct on the part of the accused which warrants a justifiable and reasonable concern for the safety of persons or property in the vicinity. State v. Ecker, 311 So.2d 104, 106 (Fla. 1975). In order to establish the second element, the police must, prior to making an arrest, provide an opportunity for the accused to dispel any concern by requesting him to identify himself and explain his presence, unless the circumstances are such that it is impractical for the police to give him this opportunity. S.F. v. State, 354 So.2d 474 (Fla. 3d DCA 1978); L.L.J. v. State, 334 So.2d 656 (Fla. 3d DCA 1976); § 856.021(2), Fla. Stat. (1979). The statute is designed to proscribe conduct posing a reasonable threat to the public safety, but it may not be constitutionally applied as a catchall for vaguely undesirable conduct. See generally 28 U.Fla.L.Rev. 250 (1975). Appellant's actions may have given the police reasonable grounds to suspect him of the robbery, but they did not satisfy the requisite elements for loitering. Accordingly, the court should have granted the motion to dismiss the loitering charge.
Though he has not pursued the matter on appeal, appellant did argue to the trial court that it should suppress the marijuana as the "fruit of the poisonous tree." There is no merit in that contention. The police had sufficient articulable suspicions to stop appellant for questioning pursuant to Section 901.151, Florida Statutes (1979), and the rationale of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). When he fled and abandoned the bag containing the marijuana, he lost his right to the Fourth Amendment protection of that bag. No search occurs when police retrieve property which a suspect has voluntarily abandoned in an area where he has no *311 reasonable expectation of privacy. State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979).
We reverse the judgment and sentence for loitering and affirm the judgment and sentence for possession of marijuana.
HOBSON and CAMPBELL, JJ., concur.