423 So.2d 1029 (1982)
IN the INTEREST of O.W., a Child.
No. 82-1206.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
Richard L. Jorandby, Public Defender, Tatjana Ostapoff and Margaret Good, Asst. Public Defenders, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
O.W., a child thirteen years of age, appeals from an adjudication of delinquency for violation of Section 856.021, Florida Statutes (1981), loitering and prowling, a misdemeanor.
The arresting officer while patroling in a residential area near a school and on a school day observed two young boys in a tree. While talking with the boys he heard a noise in some nearby bushes and saw three young boys, including appellant, run through a field where homes were located nearby. The officer called to the boys but they kept running. After chasing the boys for eight or nine blocks, the officer apprehended appellant. Notwithstanding appellant's explanation that he was skipping school, the police officer arrested him and charged him with loitering and prowling. The officer testified that his suspicions were aroused because the boys were running away in an area which had the reputation of being a meeting place for student drug transactions.
A conviction for loitering and prowling under Section 856.021, Florida Statutes (1981) requires proof of two elements:
(1) The defendant loitered or prowled in a place, at a time, or in a manner not usual for law abiding individuals; (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property *1030 in the vicinity. This alarm is presumed under the statute if, when a law officer appears, the defendant flees, conceals himself or refuses to identify himself. Prior to any arrest, the defendant must be afforded an opportunity to dispel any alarm or immediate concern by identifying himself and explaining his presence and conduct. If it appears at trial that the explanation is true and would have dispelled the alarm or immediate concern, then the defendant may not be convicted under this statute.
State v. Ecker, 311 So.2d 104, 106 (Fla. 1975).
We find the evidence insufficient to support this adjudication of delinquency. The State has not shown how climbing trees, playing in bushes or running through woods and fields constitutes an unusual activity for a thirteen year old boy. We find appellant's explanation that he was skipping school consistent with the circumstances surrounding his arrest and the State offered no evidence to the contrary. Accordingly, we reverse the judgment and sentence and remand this matter for entry of such further orders as may be consistent herewith.
REVERSED and REMANDED.
DOWNEY and GLICKSTEIN, JJ., concur.