440 So.2d 601 (1983)
Z.P., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1611.
District Court of Appeal of Florida, Third District.
November 8, 1983.
Bennett H. Brummer, Public Defender and Rory S. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and William P. Thomas, Asst. Atty. Gen., for appellee.
Before BARKDULL, DANIEL S. PEARSON, and FERGUSON, JJ.
PER CURIAM.
The juvenile herein appeals an adjudication of delinquency for loitering and prowling and for resisting arrest without violence. We must reverse on the authority of State v. Ecker, 311 So.2d 104 (Fla. 1975); In the Interest of O.W., 423 So.2d 1029 (Fla. 3d DCA 1982); S.F. v. State, 354 So.2d 474 (Fla. 3d DCA 1978); L.L.J. v. State, 334 So.2d 656 (Fla. 3d DCA 1976).
The elements of loitering and prowling as set out in State v. Ecker, supra, are: (1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable claim or immediate concern for the safety of persons or property in the vicinity. It is true the arresting officer was called to the scene upon a report of purse snatching the day before in the area and that a third person allegedly identified the juvenile as one of the purse snatchers. However, said act took place outside the presence of the officer and the state failed to introduce the testimony of the concerned individual citizen who observed the juvenile's conduct as required in State v. Ecker, supra, at page 111 in the consolidated case of Worth v. State. The juvenile also contends the arresting officer failed to give him an opportunity to explain his presence as required by Section 856.021 Florida Statutes (1981). The state suggests that it was not necessary to permit him to explain because probable cause coupled with flight completed or established the offense which could not be altered by a subsequent explanation of his presence. We cannot accept this suggestion because in L.L.J. v. State, supra, this court reversed an adjudication of delinquency for failure to give the juvenile an opportunity to explain his presence or conduct after flight. The conduct complained *602 of to support the charge of resisting arrest without violence in violation of Section 843.02 Florida Statutes (1981) was that the juvenile gave the arresting officer a false name. This act occurred subsequent to the arrest and therefore could not constitute resisting arrest without violence in violation of Section 843.02 Florida Statutes (1981). Furthermore, we question whether such an act would constitute a crime under Section 843.02 Florida Statutes (1981).[1]
Therefore, the adjudication of delinquency appealed herein is hereby reversed.
Reversed.
NOTES
[1] Section 843.035 Fla. Stat. (1982) [effective July 1, 1982, subsequent to the arrest herein] makes the giving of a false name or false address with intent to hinder, obstruct or interrupt a law enforcement officer a misdemeanor of the first degree.