PER CURIAM.
V.S. appeals from an adjudication of delinquency for violation of section 856.021, Florida Statutes (1981), and possession of diazepam in violation of section 893.13, Florida Statutes ,(1981). For the reasons which follow we reverse.
V.S. and a companion were observed by a uniformed motorcycle patrol officer who, acting.on a hunch, accosted the defendant and inquired as to his presence in the area. One of the juveniles stated he was waiting for a friend and the second juvenile stated he was waiting for his brother. The officer could not recall which of those statements was attributable to V.S. When asked for identification V.S. replied that he lived approximately seven blocks away. The officer made no attempt to ascertain the accu *233 racy of this information. V.S. was arrested for loitering and prowling and a subsequent search revealed the presence of the contraband diazepam. This record is devoid of any evidence that satisfies the criteria contained in section 856.021, Florida Statutes (1981), as that statute has been interpreted by our supreme court, see B.A.A. v. State, 356 So.2d 304 (Fla.1978); State v. Ecker, 311 So.2d 104 (Fla.1975); In the Interest of O. W., 423 So.2d 1029 (Fla. 4th DCA 1982).
Because we conclude that the arrest was unlawful the subsequent search is likewise unlawful. See Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Norman v. State, 379 So.2d 643 (Fla.1980). The trial court erred in denying V.S.’s motion to suppress.
Based on the foregoing authorities we reverse the adjudication of delinquency and remand to the trial court with directions to discharge the defendant.
Reversed and remanded with, directions.