502 So.2d 529 (1987)
Lynn INGRAM, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-1827, 85-1828.
District Court of Appeal of Florida, Fourth District.
February 18, 1987.
*530 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
We previously dismissed this case on motion of the State of Florida alleging that appellant had escaped from the Department of Correction. We have reinstated this appeal based on a stipulation of facts filed by counsel for appellant and appellee. The stipulation acknowledges that the information contained in the state's motion to dismiss was incorrect and that at the time of the filing of the motion appellant was in the custody of the State of Florida.
This appeal is from an order revoking appellant's probation. Police officers arrested appellant for loitering in violation of section 856.021, Florida Statutes (1986). After the arrest the officers searched appellant's purse and found marijuana and cocaine. The trial court found that appellant violated her probation by having actual or constructive possession of cocaine, a controlled substance, and of drug paraphernalia, and by unlawfully loitering or prowling. Appellant contends that the police did not have probable cause to arrest her for violating section 856.021 and therefore the search of her purse incident to the arrest was unlawful. We agree.
In State v. Ecker, 311 So.2d 104 (Fla. 1975), the supreme court upheld the constitutionality of section 856.021, Florida Statutes and stated that
In justifying an arrest for this offense, we adopt the words of the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968): "... the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" a finding that a breach of the peace is imminent or the public safety is threatened.
Id. at 109.
Here police officers saw appellant knocking on the window of an apartment complex. They later saw appellant several blocks away knocking at the door of another apartment. They approached appellant who told them that a friend named Jeff lived in the apartment and that she was trying to get a ride home. A resident of an adjacent apartment informed the police that no one had lived in the apartment for several months. At that point the police advised appellant of her rights and asked her what she was doing at the first apartment complex. She again stated she was trying to get a ride home. The police asked appellant to go with them to the first apartment complex. She agreed. When Jeffrey Smith, an occupant of the first apartment building, stated that he did not know appellant, they placed her under arrest. At the revocation proceeding Smith testified that he and appellant were acquaintances, but he did not know her name. The trial court concluded that Smith was playing it "very cautious" when he told the officers that he did not know appellant. One of the officers testified that he did not see appellant make any moves to hide nor any furtive gestures, and that there was nothing that indicated appellant was about to break into the apartment complex.
Appellant did not attempt to flee or conceal herself. When stopped by the police she identified herself and furnished the police with an explanation for her presence and conduct in the area. We do not find the misinformation given by Smith sufficient to support the trial court's conclusion that the police had probable cause to believe that a breach of the peace was imminent or that the public safety was threatened. In State v. Cross, 487 So.2d 1056 (Fla. 1986), the supreme court approved its prior holding in State v. Dodd, 419 So.2d 333 (Fla. 1982) in which it held *531 that the exclusionary rule is applicable in a probation revocation hearing. Therefore we hold that the trial court erred when it failed to suppress the evidence found in appellant's purse and we reverse the order revoking appellant's probation.
REVERSED.
ANSTEAD, J., and SALMON, MICHAEL H., Associate Judge, concur.