516 So.2d 95 (1987)
L.C., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2183.
District Court of Appeal of Florida, Third District.
December 8, 1987.
*96 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Margarita Muina Febres, Asst. Atty. Gen., for appellee.
Before NESBITT, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
L.C. appeals from his adjudication of juvenile delinquency for the offense of loitering and prowling. We reverse because the evidence was insufficient to sustain the conviction.
At around 10:10 P.M. on May 20, 1986, police officer Harrelson observed L.C. riding a bicycle into a shopping center parking lot. Because there had been a number of purse-snatchings in the area, Harrelson decided to watch L.C. A number of the stores had already closed for the night. L.C. rode up and down three times looking into the store windows. He stopped and pulled or pushed on the door of a closed department store. L.C. then rode his bicycle out of the center. Harrelson followed him. The juvenile proceeded down the road for 25 yards to an area where there were office and apartment buildings and a convenience store. He placed the bicycle against a fence and began walking towards a brightly lit area. Another officer named Kennedy arrived and approached and stopped L.C. Kennedy began questioning L.C. and Harrelson parked his automobile and joined Kennedy. L.C. appeared to be nervous. He told the officers that he had stopped to tie his shoes although the officers observed that they were not untied. L.C. said he was going to buy his mother cigarettes but conceded that he did not have any money. L.C. then told the officers that he was going to his uncle's house in the neighborhood to get money. He could not give his uncle's address but claimed that his uncle was a Homestead police officer. The state conceded at oral argument that evidence at trial indicated that L.C.'s uncle was indeed an officer with the Homestead department. Officers Harrelson and Kennedy made no attempt to verify L.C.'s explanation but arrested him for loitering and prowling. At trial, at the conclusion of the state's case and again after all of the evidence, L.C. moved for a judgment of acquittal. The trial court denied the motion and adjudicated L.C. guilty of loitering and prowling.
The trial court erred in denying L.C.'s motion for acquittal. For L.C. to be adjudicated guilty of the offense of loitering and prowling, the state had to prove that
(1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; [and] (2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
State v. Ecker, 311 So.2d 104, 106 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); § 856.021(1), Fla. Stat. (1985). The defendant's actions in the instant case do not amount to evidence sufficient to sustain a conviction for loitering and prowling. Even assuming that the first prong of the test was satisfied, there is simply no evidence that the circumstances were such as to elicit a justified alarm or immediate concern that L.C.'s behavior amounted to an imminent threat to the *97 safety of neighborhood residents or property. See D.A. v. State, 471 So.2d 147, 152 (Fla. 3d DCA 1985); see also B.A.A. v. State, 356 So.2d 304 (Fla. 1978); Ingram v. State, 502 So.2d 529 (Fla. 4th DCA 1987); cf. V.S. v. State, 446 So.2d 232 (Fla. 3d DCA 1984) (delinquency adjudication reversed where juvenile arrested for loitering and prowling based on police officer's hunch). It cannot be emphasized enough that the loitering and prowling statute is not to be used as a "catchall" provision whereby police may arrest citizens where there is no other basis which would justify their detention. See B.A.A., 356 So.2d at 306; Springfield v. State, 481 So.2d 975, 977 (Fla. 4th DCA 1986). Instead, the proper application of this statute "requires a delicate balancing between the protection of the rights of individuals and the protection of individual citizens from imminent criminal danger to their persons or property." Ecker, 311 So.2d at 107.
At the time of his arrest L.C. was merely walking in an area near a public street. But for the fact that the officers thought that his shoelaces were securely fastened, L.C.'s explanation of his presence was reasonable and was not contradicted by any fact known to the officers. There is simply no evidence in the record to suggest that he posed an imminent threat to persons or property in the area. Since the state failed to present a prima facie case of loitering and prowling, the trial court erred in denying L.C.'s motion for a judgment of acquittal.
Accordingly, the adjudication of delinquency is reversed, and the case is remanded to the trial court to discharge the defendant.