539 So.2d 1170 (1989)
V.E., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1662.
District Court of Appeal of Florida, Third District.
March 14, 1989.
*1171 Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., and David G. Mersch, Certified Legal Intern, for appellee.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
V.E., a juvenile, appeals his adjudication of delinquency for loitering and prowling. We reverse.
A woman observed V.E. looking into the window of her home; she heard another person trying to open the door. When she asked respondent V.E. and his companion what they wanted, they answered in Spanish. Because she could not understand the language, she answered "no" and the boys left. Shortly afterwards she called police to report the suspicious activity. Fifteen minutes later, an officer arrived. After speaking to the woman, he canvassed the area looking for the boys. He found them walking down the sidewalk about one and a half blocks from the woman's home. The officer requested identification. V.E., acting nervously according to the police officer, said he had none. When asked why he was in the area, V.E. said he was looking for a friend's house. The second juvenile gave an inconsistent answer to the same question. In fact, the second youth admitted to having just committed a burglary in the neighborhood. V.E. was placed under arrest and charged with loitering and prowling. At trial, upon conclusion of the state's case, V.E. moved for judgment of acquittal on the basis that the evidence did not establish a prima facie case of loitering and prowling. The motion was denied, and V.E. was found guilty. He now appeals.
We hold that the facts of this case do not support an adjudication for the offense charged. The state failed to establish beyond a reasonable doubt either of the two elements necessary to prove the offense of loitering and prowling as required by section 856.021, Florida Statutes (1987).
The first statutory element necessary to prove was that the juvenile loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals. State v. Ecker, 311 So.2d 104, 106 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); § 856.021(1). This element has been read to require a threat of immediate, future criminal activity. D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985). In this case, the youth was merely walking down the sidewalk when the officer came upon him. While it is true that the officer had information that the youth had been involved in arguably suspicious behavior (looking into the woman's window while his friend tried the door) *1172 some twenty minutes before the officer saw him, the purpose of the loitering and prowling statute is "to punish a certain type of incipient criminal behavior before it ripens into the commission or attempted commission of a substantive criminal act... . The statute is forward-looking rather than backward-looking in nature." Id. at 151. Here, the state did not establish beyond a reasonable doubt that V.E. was about to attempt to commit a criminal act. See L.S. v. State, 449 So.2d 1305 (Fla. 3d DCA 1984); V.S. v. State, 446 So.2d 232 (Fla. 3d DCA 1984); In Interest of O.W., 423 So.2d 1029 (Fla. 4th DCA 1982).
Neither did the state establish that the facts supported the second element necessary to convict the juvenile of loitering and prowling, i.e., that the defendant's conduct warranted a justifiable and reasonable alarm and immediate concern for the safety of persons or property in the vicinity. Ecker, 311 So.2d at 106; § 856.021(1). At this point, it should be noted that "the failure of a defendant to explain his presence and conduct cannot constitutionally be considered as a circumstance tending to establish the second element." D.A., 471 So.2d at 154 citing Ecker at 110. Indeed, an explanation is not even required unless the accused is otherwise engaged in incipient criminal conduct. See Ecker at 110. The evidence of the juvenile's failure to identify himself and his nervous nature when questioned, even when considered in light of the officer's knowledge of the youth's prior suspicious activity, did not provide the required degree of alarm and concern which would justify a loitering and prowling conviction. D.A., 471 So.2d at 153. See L.C. v. State, 516 So.2d 95 (Fla. 3d DCA 1987); Ingram v. State, 502 So.2d 529 (Fla. 4th DCA 1987); B.A.A. v. State, 356 So.2d 304 (Fla. 1978), rev'g, 333 So.2d 552 (Fla. 3d DCA 1976). Moreover, assuming the confession of V.E.'s companion were admissible against V.E., that confession concerned past, completed criminal conduct, not the incipient criminal conduct necessary to prove loitering and prowling beyond a reasonable doubt. D.A., 471 So.2d at 151.
Accordingly, the adjudication of delinquency appealed from is reversed, and the cause is remanded to the trial court with directions to discharge V.E.
REVERSED AND REMANDED.