573 So.2d 148 (1991)
Robert J. CARROLL, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2892.
District Court of Appeal of Florida, Second District.
January 11, 1991.
Carol C. Murphy, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The defendant appeals his judgment and sentence of possession of cocaine, a violation of section 893.13, Florida Statutes (1987). He pled nolo contendere, reserving his right to appeal the denial of his motion to suppress. On appeal, he argues that he was improperly arrested and thus the contraband found during a patdown search incident to the arrest was improperly admitted into evidence. We agree and reverse.
At the hearing on the motion to suppress, two Lee County deputies testified. About 6:40 p.m. on December 4, 1987, while sitting in their marked car, they observed the defendant sitting in a truck with its lights on, legally parked at the end of a private driveway. An unidentified person was standing beside the driver's door of the truck. When the officers drove up, the truck lights went out and the person standing next to the door fled. One of the officers asked the defendant what he was doing, and the defendant replied that he was looking for a Jose Rodriguez who lived in a nearby house. The officer questioned a passing pedestrian who acknowledged she was Mrs. Rodriguez and said she did not know the defendant. The defendant then gave somewhat inconsistent answers to the officers' questions regarding who had been standing beside his truck. At that point, the officers placed the defendant under arrest for loitering and prowling, section 856.021, Florida Statutes (1987). When the defendant raised his hands during the subsequent patdown search, he apparently dropped two white chunks of cocaine into the bed of his truck. This cocaine is the basis of the defendant's conviction for possession and was the subject of his motion to suppress.
On appeal, the defendant argues that the officers lacked the requisite probable cause to arrest him for loitering and prowling. We agree. As our sister court has said, because the loitering or prowling statute does not proscribe particular conduct, it reaches the outer limits of constitutionality and must be applied with special care. D.A. v. State, 471 So.2d 147, 153 *149 (Fla. 3d DCA 1985). Accordingly, Florida courts have insisted that for probable cause to exist, the suspect must not only be acting in an unusual or suspicious manner, but under circumstances that warrant a justifiable and immediate concern for the safety of persons or property in the area. State v. Ecker, 311 So.2d 104 (Fla.), cert. denied, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975); State v. Freeman, 542 So.2d 483 (Fla. 2d DCA 1989).
While the defendant's behavior may have caused the officers to become suspicious, we agree with the defendant that there was no basis for immediate alarm for persons and property. The defendant was legally parked in the driveway of a private residence, talking to someone during the early evening. He was not observed to be engaged in any illegal activity.
The state argues that the circumstances created a justifiable concern for the community's safety because the officers suspected that the defendant and the man standing beside the truck were involved in a drug purchase. The state notes that drug purchases often turn violent. Thus, it contends that the defendant's answers to the officers' questions established probable cause that he was loitering and prowling. We disagree. See Chamson v. State, 529 So.2d 1160 (Fla. 3d DCA), review denied, 539 So.2d 476 (Fla. 1988) (suspect's incomplete answer regarding his reason for being crouched near a dumpster in a hotel alley did not warrant a finding that breach of the peace or public safety was imminent); Ingram v. State, 502 So.2d 529 (Fla. 4th DCA 1987) (suspect's disproved explanation for being outside window of an apartment did not give officers probable cause to arrest).
The defendant and the state both advance arguments regarding whether a defendant who was properly arrested under section 856.021 would have a defense if the officers never specifically asked him to identify himself. Since our decision on the first issue is dispositive, we need not reach this issue.
Accordingly, we reverse the trial court's order denying the defendant's motion to suppress.
HALL and ALTENBERND, JJ., concur.