SCHWARTZ, Chief Judge.
The juvenile respondent stole seven phone cards with a face value of $99.99 each from a Wal-Mart store. The cards could be used for telephone service only upon their validation when paid for at the check-out counter. S.P.S., however, was apprehended in the parking lot after he had left the store without bothering to stop at the cashier. On these facts, the trial judge found S.P.S. delinquent as guilty of grand theft,[1] that is, the taking of property worth more than $300.00, obviously based on a valuation of $99.99 per card. We agree with the appellant that this conclusion was legally erroneous and reduce the underlying offense to petit theft.
It seems clear to us that an unvalidated, unactivated phone card is worth nothing more than the nominal value of the materials contained in the card itself. In essence, it is a merely symbolic representation of the phone services which can only be actually supplied after the completion of a store-telephone company process which did not occur. In this respect, the issue is clearly analogous to Dickerson v. State, 718 S.W.2d 353 (Tex.Crim.App.1986), which involved the theft of blank checks. The court held them worth only the paper *952 they were printed on, rather than the amount in the victim’s checking account or the sums for which the thief wrote them. Accord, Hiller v. State, No. A-6877, 4155, 1999 WL 1122479, at *3 (Alaska App., Dec.8, 1999)(“On appeal, the State concedes that stolen blank checks have minimal value and the fact that Hiller later forged them in amounts that exceeded the $500 minimum does not bring his conduct up to second-degree theft.”); Garner v. State, 16 Md.App. 353, 297 A.2d 304 (1972), cert. denied, 268 Md. 748 (1973); Deerman v. State, 448 So.2d 492 (Ala.Crim.App.1984).
As these cases also indicate, the result is not affected by the juvenile’s testimony that he intended to give the phone cards to a relative affiliated with Wal-Mart who would then have ^lawfully validated the cards herself. That the situation may have involved the potential commission of still other crimes does not affect the value of the property stolen under section 812.014(2), Florida Statutes (2000), which is the only issue before us.
On the holding therefore that the value of the cards was not only not more than $300.00, see also Spencer v. State, 217 So.2d 331 (Fla. 4th DCA 1968), cert. denied, 225 So.2d 528 (Fla.1969), but less than $100.00, the order under review is reversed for reduction of the offense to petit theft of the second degree. § 812.014(3)(a), Fla. Stat. (2000).[2]
Reversed.
RAMIREZ, J., concurs.

. Section 812.014(2)(c), Florida Statutes (2000), provides:
(c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is:
1. • Valued at $300 or more, but less than $5,000.

. Section 812.014(3)(a), Florida Statutes (2000), provides:
(3)(a) Theft of any property not specified in subsection (2) is petit theft of the second degree and a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083, and as provided in subsection (5), as applicable.