PER CURIAM.
A.D., a juvenile, appeals from a finding of guilt for the offense of loitering and prowling under section 856.021, Florida Statutes (2001). For the following reasons, we reverse.
On June 29, 2001, at 4:23 a.m., Miami Beach Police Officers Alberti and Aprelli noticed A.D. walking down the sidewalk, approximately eight blocks from the address they were headed to in response to a complaint. A.D. told the officers that he was coming from the home of his friend, Willy. A.D. was unable to give the officers Willy’s street address, but indicated where Willy lived by pointing. A.D. further explained that he lived in North Miami and planned to take a cab home. However, A.D. did not have any money. Officer Aprelli arrested A.D.
The State filed a delinquency petition charging A.D. with loitering and prowling. An adjudicatory hearing was held. At the hearing, evidence was introduced which showed that Officers Aprelli and Alberti were responding to a complaint concerning a “short black male with dark colored hair.” * Additionally, both officers testified that Miami Beach has a juvenile curfew which operated between midnight and 6:00 a.m. Officer Aprelli testified that although A.D. was not charged with a curfew violation, he considered the curfew significant in light of the hour. Defense counsel moved for a judgment of acquittal, arguing that the evidence was insufficient. That motion was denied. The court found that A.D. had committed the offense of loitering and prowling. The court withheld adjudication and placed A.D. on community control. A.D. appeals. Because the evidence is insufficient to support the trial court’s finding that A.D. is guilty of loitering and prowling, we reverse.
Under section 856.021(1), Florida Statutes (2001), the offense of loitering and prowling has two distinct elements:
(1) the defendant loitered or prowled in a place, at a time, or in a manner not usual for law-abiding individuals; [and]
(2) such loitering and prowling were under circumstances that warranted a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity.
State v. Ecker, 311 So.2d 104, 106 (Fla.1975). Under the first element, the state must establish that “the defendant engaged in incipient criminal behavior which law-abiding people do not usually engage *1029 in due to the time, place, or manner of the conduct involved.” D.A. v. State, 471 So.2d 147, 151 (Fla. 3d DCA 1985). The statute is forward-looking in nature and is aimed at punishing a “certain type of incipient criminal behavior before it ripens into the commission or attempted commission of a substantive criminal act.... The first element ... is not directed at suspicious after-the-fact criminal behavior which solely indicates involvement in a prior, already completed substantive criminal act.” Id.
In the instant case, there was absolutely no evidence that A.D.’s behavior pointed to the commission of future criminal activity. Officers Alberti and Aprelli saw nothing more than A.D. walking down the street at approximately 4:30 in the morning. Although this may be a violation of Miami Beach’s juvenile curfew, by itself it is legally insufficient evidence of loitering and prowling. K.R.R. v. State, 629 So.2d 1068, 1070 (Fla. 2d DCA 1994).
Accordingly, the judgment of the trial court is reversed, and the cause is remanded with directions to vacate the finding of guilt and discharge A.D.

 A.D. argues that this evidence only came in through the improper admission oí hearsay.
We find it unnecessary to address this issue.