WARNER, J.
 

 Appellant, Andres Ortiz, appeals his convictions for organized scheme to defraud and first degree petit theft. Because the state failed to prove the value of the checkbook stolen as alleged in the information, we reverse the conviction for first degree petit theft, rejecting the state’s contention that the jury could consider the total amount on deposit in the bank account as the value of the checkbook. On all other issues we affirm.
 

 The state charged Ortiz with engaging in an organized scheme to defraud, burgla
 
 *902
 
 ry of a dwelling, and petit theft. As to petit theft, the information alleged that Ortiz stole a checkbook belonging to the victim. The state proved at trial that Ortiz entered the victim’s home, took her checkbook, and then cashed several forged checks totaling $725. Appellant claimed that the alleged victim gave him the checks as payment for roofing work and a car he sold to her. The cashing of the forged checks constituted the proof of an organized scheme to defraud. At trial, the jury found Ortiz guilty of organized scheme to defraud and of first degree petit theft but acquitted him of burglary.
 

 Ortiz moved for a judgment of acquittal of first degree petit theft.
 
 See
 
 Fla. R.Crim. P. 3.380(c);
 
 see State v. Stevens,
 
 694 So.2d 731, 733 (Fla.1997). He argued that the state failed to prove the value of the checkbook that was stolen. In denying the motion, the trial court reasoned that the value of the checkbook was the value of the entire checking account. Ortiz appeals the denial of the motion for judgment of acquittal and his resulting conviction for first degree petit theft.
 

 The standard of review for the denial of a motion for judgment of acquittal is de novo.
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002).
 

 To establish the commission of a first degree petit theft, the state is required to prove that the property stolen is valued at $100 or more, but less than $300. § 812.014(2)(e), Fla. Stat. Where the state fails to prove that the stolen property is worth at least $100, a conviction for first degree petit theft must be reduced to second degree petit theft.
 
 See K.W. v. State,
 
 13 So.3d 90, 92 (Fla. 3d DCA 2009) (reducing theft conviction to second degree petit theft where state failed to prove the value of the stolen cell phone exceeded $100).
 

 The standard jury instruction on theft defines “value” as follows:
 

 “Value” means the market value of the property at the time and place of the offense, or if that value cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.
 

 If the exact value of the property cannot be ascertained, you should attempt to determine a minimum value. If you cannot determine the minimum value, you must find the value is less than $100.
 

 In the case of a written instrument that does not have a readily ascertainable market value, such
 
 as a
 
 check, draft, or promissory note, the value is the amount due or collectible.
 

 See
 
 Fla. Std. Jury Instr. (Crim.) 14.1 (emphasis added).
 

 Relying on the portion of the jury instruction pertaining to theft of a written instrument, the trial court concluded that the jury could consider the value of the entire checking account in determining the value of the checkbook. Likewise, on appeal the state argues the amount in the checking account represented the greatest economic loss the victim could suffer by virtue of the loss of her checkbook. However, the state specifically alleged the theft of the
 
 checkbook.
 
 The state did not prove a value of the checkbook itself.
 

 The Third District confronted an analogous situation in
 
 S.P.S. v. State,
 
 801 So.2d 951 (Fla. 3d DCA 2001), involving the value of stolen phone cards with a face value of $99.99 each. Those cards were usable only if they were first activated at the checkout counter. Because the defendant did not check out, the cards were not activated. The Third District reasoned that an unactivated phone card “is worth nothing more than the nominal value of the materials contained in the card itself.”
 
 Id.
 
 at 951.
 

 Similarly, in this ease there was no testimony establishing the fair market val
 
 *903
 
 ue of the victim’s stolen checkbook itself. Furthermore, because there was no testimony establishing that the checkbook contained anything other than blank checks, there was no “amount due or collectible” with respect to the blank checks inside the checkbook. Instead, the blank checks in the checkbook were worth only the paper they were written on. While the theft of a checkbook may potentially lead to the commission of still other crimes, this does not affect the value of the stolen checkbook itself.
 
 Id.
 
 at 952 (“That the situation may have involved the potential commission of still other crimes does not affect the value of the property stolen under section 812.014(2), Florida Statutes (2000), which is the only issue before us.”). In fact, Ortiz was charged with and convicted of organized fraud for cashing the forged checks. Because the state failed to prove that the checkbook was worth more than $100, we reverse Ortiz’s conviction for first degree petit theft.
 

 We reject Ortiz’s other contention that the court erred in denying his motion for mistrial for a comment on Ortiz’s right of silence. A trial court’s ruling on a motion for mistrial is reviewed under an abuse of discretion standard.
 
 See Cole v. State,
 
 701 So.2d 845, 853 (Fla.1997). Based upon our review of the trial transcript, we cannot conclude that the court abused its discretion.
 

 We affirm Ortiz’s conviction for organized fraud and reverse his conviction and sentence for first degree petit theft, directing the court to enter a judgment of conviction and sentence for second degree petit theft.
 

 DAMOORGIAN and LEVINE, JJ., concur.