DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGELA ROSARIO-SANTOS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3142

[July 12, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 31-2015-CF-000298B.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

GROSS, J.

Angela Rosario-Santos appeals her conviction and sentence for first degree petit theft. Because the state failed to adequately prove the stolen property was valued at $100 or more, we reverse and remand for the entry of a judgment of guilt for second degree petit theft.

At trial, the Walmart security guard who apprehended appellant testified that he observed appellant and another woman leave the store with a shopping cart full of some paid-for items and some unpaid-for items. The security guard did not testify to the value of the stolen items. The police officer who responded to Walmart took several photos of the items in the shopping cart, which were admitted into evidence. One photo shows assorted meats, but no price tags. The officer did not testify to value.

In response to appellant's motion for judgment of acquittal based on the state's failure to establish value, the prosecutor asserted that some of the prices in the meat photo "may add up to over $100," but admitted she

did not get a chance to "really look that closely" at the photo. During closing argument, the prosecutor conceded that the state did not "have an exact value" of the unpaid-for items, but told the jury to use their common sense.

"A conviction for first-degree petit theft requires competent substantial evidence showing that the defendant stole property with a 'value' at the time of the theft between $100 and $300." *Sanchez v. State*, 101 So. 3d 1283, 1286 (Fla. 4th DCA 2012) (citing § 812.014(2)(e), Fla. Stat. (2010)). "Where the state fails to prove that the stolen property is worth at least $100, a conviction for first degree petit theft must be reduced to second degree petit theft." *Ortiz v. State*, 36 So. 3d 901, 902 (Fla. 4th DCA 2010).

Here, the state provided no evidence of the value of the stolen items. It is theoretically possible that the fair market value of an item could be determined to exceed $100 on common sense alone, for instance, if the item was a classic Picasso painting. That fact pattern is not present in this case. A photo of assorted meats, without more, is not competent evidence of value to support a conviction of first degree petit theft.

We reverse the conviction and sentence for first degree petit theft and remand for the entry of a judgment of conviction and sentence for second degree petit theft.

*Reversed and remanded.*

GERBER, C.J., and KUNTZ, J., concur.

*            *            *

***Not final until disposition of timely filed motion for rehearing.***

- 2 -