DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAUL EDWARDS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3253

[November 1, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 10006708 CF10A.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, Miami, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Paul Edwards ("appellant") appeals his conviction for first degree murder. He argues that the trial court erred by denying his motion for judgment of acquittal because the evidence against him was insufficient. For the reasons set forth below, we affirm appellant's conviction.

"The standard of review for the denial of a motion for judgment of acquittal is de novo." *Ortiz v. State*, 36 So. 3d 901, 902 (Fla. 4th DCA 2010). "If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002).

Because there were no witnesses to the murder and no confession, this case involves circumstantial evidence which invokes a special standard of review:

"When the evidence against a criminally accused person is circumstantial, a motion for judgment of acquittal should be

granted if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." *Brothers v. State,* 853 So.2d 1124, 1125 (Fla. 5th DCA 2003). In such circumstances, "the proper task of the trial judge is to review the evidence, taking it in the light most favorable to the state, in order to determine whether there is competent evidence from which the jury could infer guilt to the exclusion of all other inferences." *Martin v. State,* 728 So.2d 775, 776 (Fla. 4th DCA 1999) (citing *State v. Law,* 559 So.2d 187, 189 (Fla. 1989)). "The State is not ... required to rebut every possible scenario which could be inferred from the evidence. Rather it must introduce competent evidence which is inconsistent with the defendant's theories." *Schwarz v. State,* 695 So.2d 452, 454 (Fla. 4th DCA 1997) (citing *Law,* 559 So.2d at 189).

*Babbs v. State,* 187 So. 3d 925, 927 (Fla. 4th DCA 2016).

After being missing for several weeks, the victim's decomposing, decapitated body was found inside a barrel near a canal. The State introduced evidence at trial that appellant was the last person to be with the victim before she went missing. A neighbor testified that she saw a barrel next to appellant's SUV before the victim went missing. Another witness also testified that he saw a barrel inside appellant's apartment before the victim went missing.

After the victim went missing, her brother testified that he received odd text messages from his sister using phrases that she typically did not use. She also failed to answer a question that he asked her that only she would have known. The brother and appellant then spoke on the phone, during which appellant started crying and stated, "it wasn't supposed to be like this."

When the police arrived at appellant's home to investigate the victim's disappearance, appellant acted nervous and was sweating. He also had cuts on his hand and forearm, suggesting that he was recently in an altercation.

Appellant's statements to the victim's family and police were conflicting. Appellant told the victim's daughter that her mother packed up and went to Jacksonville. When he talked to police, however, he said that the victim came to his apartment to pack up her belongings and then just left, without telling him where she was going. Another time, he told police that she left with another man. *See Carranza v. State,* 985 So. 2d 1199, 1203

2

(Fla. 4th DCA 2008) ("Most importantly, [the defendant] made several inconsistent statements to the detectives. That in and of itself can constitute grounds upon which a trier of fact may reject the defendant's reasonable hypothesis of innocence.").

Furthermore, a detective testified that after the victim went missing, appellant and victim's cell phones pinged off the same cellphone tower, meaning that they were both within the same general area at or about the time she was murdered. The State also established that appellant was familiar with the area where the body was found. Finally, the State refuted appellant's theory that the victim's new boyfriend committed the murder when the detective testified that he investigated the boyfriend and confirmed his statements to police during the investigation were accurate. *See Babbs*, 187 So. 3d at 928-29 (affirming conviction where the State refuted defendant's theory of innocence and circumstantial evidence was sufficient to prove guilt).

Based on the evidence presented at trial, there was sufficient evidence from which a jury could infer guilt to the exclusion of all other reasonable inferences. We find that the court properly denied appellant's motion for judgment of acquittal, and affirm appellant's conviction. As to appellant's other issues raised on appeal, we find those arguments to be meritless, and affirm on those issues as well.

*Affirmed.*

GROSS and CIKLIN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3