DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BENNY SAINTIL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0624

[March 26, 2025]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Robert Panse, Judge; L.T. Case No. 502023MM010631A.

Daniel Eisinger, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, Jessenia J. Concepcion, Senior Assistant Attorney General, West Palm Beach, and A. Colleen Donald, Assistant Attorney General, Tampa, for appellee.

KLINGENSMITH, C.J.

Appellant Benny Saintil timely appeals his conviction and sentence following a jury trial in which he was found guilty of loitering or prowling. Appellant argues the trial court erred in denying his motion for judgment of acquittal because the elements of the alleged loitering or prowling offense were not committed in the arresting officer's presence. Appellant asserts his conviction cannot stand because the officer's personal observations amounted to no more than Appellant appearing vaguely suspicious. We agree and reverse Appellant's conviction.

An employee of a local business observed an individual looking into car windows in the employee parking lot. After this was reported to the site manager, the individual was seen attempting to open a car door in the overflow parking lot. The site manager called the police and described the individual.

When law enforcement responded, an officer saw Appellant, who matched the site manager's description, walking from behind a building

that appeared to be closed. Appellant had his hood pulled up over his head and was staying near the building in an area where businesses were not open at the time. Appellant was detained based on his suspicious behavior and presence in a non-public area. After being stopped, Appellant initially provided a false name and claimed he had no identification. His nervous demeanor and the circumstances of his presence led the officer to arrest him for loitering or prowling, as his actions were deemed unusual and alarming, warranting reasonable suspicion of potential criminal activity.

During the trial, the court denied Appellant's motion for judgment of acquittal, finding that the State had established a prima facie case for loitering or prowling. Appellant renewed his motion for judgment of acquittal at the close of all the evidence, emphasizing that the officer's observations were insufficient to prove incipient criminal behavior. The trial court once again denied the motion and found Appellant's presence in a non-public area and his behavior warranted reasonable alarm, thus satisfying the elements of loitering or prowling. Appellant was subsequently found guilty of loitering or prowling.

"The standard of review for the denial of a motion for judgment of acquittal is de novo." *Babbs v. State*, 187 So. 3d 925, 927 (Fla. 4th DCA 2016) (quoting *Ortiz v. State*, 36 So. 3d 901, 902 (Fla. 4th DCA 2010)). "If after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction." *Id.* (quoting *Garrido v. State*, 97 So. 3d 291, 298 (Fla. 4th DCA 2012)). "The standard to be employed for all criminal cases regarding the sufficiency of the evidence 'is simply whether the State presented competent, substantial evidence to support the verdict.'" *Melton v. State*, 317 So. 3d 292, 297 (Fla. 2d DCA 2021) (quoting *Bush v. State*, 295 So. 3d 179, 200 (Fla. 2020)).

To establish the crime of loitering or prowling, the State must prove two elements: (1) the defendant loitered or prowled "in a place, at a time or in a manner not usual for law-abiding individuals," and (2) the loitering or prowling was "under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." *See* § 856.021(1), Fla. Stat. (2023); *E.F. v. State*, 110 So. 3d 101, 104 (Fla. 4th DCA 2013). Proof of both elements is essential to establishing a violation of the statute, *State v. Ecker*, 311 So. 2d 104, 110 (Fla. 1975), and each element must be proven beyond a reasonable doubt. *See D.A. v. State*, 471 So. 2d 147, 150–51 (Fla. 3d DCA 1985).

Both elements of loitering or prowling must be committed in a police officer's presence because the offense is a misdemeanor. *Jing v. State*, 316 So. 3d 724, 730–31 (Fla. 4th DCA 2021). Behavior that does not occur in the officer's presence may not be considered by the trial court in determining whether the offense of loitering or prowling was committed. *See Madge v. State*, 160 So. 3d 86, 89 (Fla. 4th DCA 2015) ("While the observations of lay persons leading up to the arrival of law enforcement may provide the factual background, prior wrongdoing cannot establish the basis for a loitering and prowling charge."); *see, e.g., E.F.*, 110 So. 3d at 103–04 (citizen's observations of juvenile looking into vacant house could not be considered by trial court); *Jones v. State*, 117 So. 3d 818, 822 (Fla. 4th DCA 2013) (witnesses' reports could not be used to support loitering or prowling; only officer's observations could be considered).

The first element requires the State to "establish that the defendant engaged in incipient criminal behavior which law-abiding people do not usually engage in due to the time, place, or manner of the conduct involved." *E.C. v. State*, 724 So. 2d 1243, 1244 (Fla. 4th DCA 1999). "Incipient criminal behavior" is defined as "aberrant and suspicious criminal conduct which comes close to, but falls short of, the actual commission of a substantive crime. It does not, however, involve behavior which constitutes no threat of immediate, future criminal activity." *D.A.*, 471 So. 2d at 151. "[T]he statute is forward-looking, rather than backward-looking in nature. Its purpose is to punish a certain type of incipient criminal behavior before it ripens into the commission or attempted commission of a substantive criminal act." *Id.* The statute "is not directed at suspicious after-the-fact criminal behavior which solely indicates involvement in a prior, already completed substantive criminal act." *Id.*[1]

---

[1] *See, e.g., D.A.*, 471 So. 2d at 149–54 (an officer responding to a disturbance call saw the juvenile standing in front of a stolen van with a punched ignition, at which time the juvenile fled; the appellate court reversed the loitering and prowling adjudication, holding the juvenile had "not engage[d] in incipient criminal behavior," just "suspicious after-the-fact criminal behavior which solely indicated involvement in an already completed, past, substantive criminal act," i.e., the theft of the van); *Springfield v. State*, 481 So. 2d 975, 976, 979 (Fla. 4th DCA 1986) (an officer responding to a report of a male walking from behind the complainant's house carrying something saw defendant—whom the officer previously had arrested for burglary—carrying a tape recorder in his arms and staggering; defendant said he had found the recorder in garbage, but the recorder was clean, and defendant had no ID and could not explain his presence in the area; we held no probable cause existed to arrest defendant for loitering or prowling because, like in *D.A.*, "the instant case[] involved an already completed theft, and there was no indication of continuing criminal activity").

The second element requires that "factual circumstances must establish that the accused's behavior is 'alarming in nature, creating an imminent threat to public safety.'" *Ferguson v. State*, 39 So. 3d 551, 553 (Fla. 2d DCA 2010) (quoting *Rucker v. State*, 921 So. 2d 857, 859 (Fla. 2d DCA 2006)). The arresting officer must be able to articulate specific facts showing an imminent breach of the peace or threat to public safety. *Id.* (quoting *Williams v. State*, 674 So. 2d 885, 886 (Fla. 2d DCA 1996)). Alarm for public safety is presumed under section 856.021(1) if the defendant flees, conceals himself or any object, or refuses to identify himself when an officer appears. *Ecker*, 311 So. 2d at 106. "Prior to any arrest, the defendant must be afforded an opportunity to dispel any alarm or immediate concern by identifying himself and explaining his presence and conduct." *Id.* If the explanation appears true at trial and would have dispelled alarm or immediate concern, a defendant may not be convicted. *Id.*

The State must prove more than a vaguely suspicious presence, and the conduct must pose an imminent breach of peace and threat to public safety. *See T.W. v. State*, 675 So. 2d 1018, 1019 (Fla. 2d DCA 1996). Despite section 856.021(1)'s title, loitering or prowling alone is insufficient to constitute a criminal offense. *See, e.g., State v. Freeman*, 542 So. 2d 483, 483 (Fla. 2d DCA 1989) (reversal of loitering or prowling conviction of defendant seen remaining for long periods at a street corner by a store with a "no loitering" sign); *L.S. v. State*, 449 So. 2d 1305, 1306 (Fla. 3d DCA 1984) (evidence of defendant crouching in bushes near an expressway exit, a site of numerous robberies, deemed insufficient to support a loitering or prowling adjudication). Merely suspicious behavior, without more, is insufficient to sustain a conviction on this charge. *See Bowser v. State*, 937 So. 2d 1270, 1271–72 (Fla. 2d DCA 2006) ("possibly suspicious" circumstances of defendant looking into car windows in a dark parking lot was not sufficient to raise justifiable alarm); *J.S. v. State*, 147 So. 3d 608, 609–10 (Fla. 4th DCA 2014) (juvenile matching BOLO description, while walking home at 4:00 a.m. amounted only to a "mere vaguely suspicious presence"); *Patmore v. State*, 383 So. 2d 309, 310 (Fla. 2d DCA 1980) (defendant's actions of turning and walking hurriedly away after police looking for robbery suspects passed him only gave reasonable suspicion to suspect defendant of robbery).

We note that, as other courts have stated, the loitering or prowling statute requires special care in its application. *See Carroll v. State*, 573 So. 2d 148, 148–49 (Fla. 2d DCA 1991) (citing *D.A.*, 471 So. 2d at 153) (observing that the loitering or prowling statute "reaches the outer limits of constitutionality and must be applied with special care"). It has been

described this way: a person running from a house, or the area adjacent to a house, might arguably create some level of suspicion that this individual may have recently committed an offense such as burglary or theft, but it would not create a reasonable basis to believe he or she was intending to commit harm to person or property in the very near future as required for a conviction under the loitering or prowling statute. *See McClamma v. State*, 138 So. 3d 578, 587 (Fla. 2d DCA 2014).

Here, Appellant's activity as described by the officer, based upon his personal observations, did not point to the likelihood of the commission of a future crime. Appellant was neither seen by the officer actively attempting to conceal himself nor making suspicious furtive movements. Nor was Appellant observed by police to be engaging in any aberrant conduct which comes close to but falls short of criminal activity.

We do not question that Appellant's actions and presence behind the building was certainly a situation which justified investigation by law enforcement. *See Bowser*, 937 So. 2d at 1271–72; *J.S.*, 147 So. 2d at 609–10; *Patmore*, 383 So. 2d at 310. However, Appellant's conduct that was observed by the arresting officer was legally insufficient under our case law to support a conviction for loitering or prowling. *See K.R.R. v. State*, 629 So. 2d 1068, 1069–70 (Fla. 2d DCA 1994) (while stopping defendant was proper, evidence for a loitering or prowling conviction was legally insufficient because the officer never saw conduct pointing to the commission of a future crime)*; A.D. v. State*, 817 So. 2d 1027, 1029 (Fla. 3d DCA 2002) (evidence insufficient to support loitering conviction where no conduct pointed to future criminal activity). We therefore reverse the judgment and sentence, and order the conviction be vacated.

*Reversed.*

WARNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***